Mary Hoag, Respondent, v. South Dover Marble Company, Appellant.

RAILROADS — RIGHT OF RAILROAD COMPANY, IN OPERATION OF CARS, TO MAKE SUCH NOISES AS ARE NECESSARY, USUAL AND INCIDENTAL TO USE OF CARS — NEGLIGENCE — EVIDENCE. The right of a surface railroad company to run its cars within the bounds of a highway includes the right to do such things and make such noises as are necessary, usual and incidental to such use. Where, therefore, a trolley car running upon a surface railroad, which crossed a public highway at grade, was stopped at the crossing, at the edge of the highway, and remained standing while a person riding in a wagon drawn by a gentle horse, accustomed to the cars, passed along the highway in front of the car, but the motorman, before the wagon had entirely passed the car, released the air brakes thereof, causing the usual hissing sound as the air escaped, which frightened the horse and caused it to spring suddenly into a ditch on the side of the road, whereby the wagon was upset and the person driving it injured, and an action to recover for such injuries was brought against the railroad company, the act of the motorman in releasing the air brakes, before the plaintiff passed beyond the car, was insufficient to impute negligence to the defendant, and there was no evidence to justify the submission of the question of defendant's negligence to the jury.

*Hoag* v. *South Dover Marble Co.*, 120 App. Div. 892, reversed.

(Argued June 8, 1908; decided September 29, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 25, 1907, affirming a judgment of the Dutchess County Court in favor of plaintiff, entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank Verner Johnson* and *Richard B. Aldcroftt, Jr.*, for appellant. The fact that the plaintiff's horse became frightened by the usual and ordinary sounds caused by the starting in motion of an electric car, and caused an injury to the plaintiff under the circumstances shown by the evidence in this case, creates no liability on the part of the defendant.

(*McDonald* v. *T. C. S. Ry. Co.*, 74 Fed. Rep. 104; *Scaggs* v. *D. & H. C. Co.*, 74 Hun, 198; *Wilson* v. *N. Y. C. & H. R. R. R. Co.*, 41 App. Div. 36; *Rector* v. *S. R. T. R. R. Co.*, 66 App. Div. 395; *Munro* v. *W. B. Co.*, 116 App. Div. 663; *Nason* v. *West*, 31 Misc. Rep. 583; *Howard* v. *U. F. R. R. Co.*, 156 Mass. 159; *Henderson* v. *G. & T. F. St. Ry. Co.*, 172 Mass. 542; *Estwood* v. *L. C. R. R. Co.*, 94 Wis. 163; *Yingst* v. *R. R. Co.*, 167 Penn. St. 438; *Webb* v. *P. & R. R. R. Co.*, 202 Penn. St. 511; *Coleman* v. *W. & T. R. R. Co.*, 114 Ga. 386.)

*Walter Farrington* and *George Card* for respondent. When the motorman beckoned for plaintiff to come on, she had the right to suppose that no change would take place in anything under the control of the defendant which would increase the danger, and that nothing would be done while she was passing which would be likely to frighten the animal she was driving. (*Borst* v. *L. S. & M. S. R. R. Co.*, 4 Hun, 346; 66 N. Y. 639; *Keech* v. *R., W. & O. R. R. Co.*, 35 N. Y. S. R. 902; *Stanns* v. *S. R. R. Co.*, 1 Abb. [N. C.] 438; *Wilson* v. *N. Y. C. & H. R. R. R. Co.*, 41 App. Div. 36; *Rector* v. *S. R. T. R. R. Co.*, 66 App. Div. 395.)

CHASE, J.  The defendant operates a trolley railroad upon and along a highway in the county of Dutchess, for the purpose of transporting freight from its quarries to a freight station of a steam railroad. The plaintiff was proceeding westerly on such highway, riding in a wagon drawn by one horse which she was driving. Some distance ahead of her another woman was riding in a wagon drawn by a horse which she was driving, and as such woman approached a slight bend in the highway, where the track of the trolley line crossed the beaten path of the highway, one of the defendant's flat cars was seen approaching from the west. The car was stopped before it reached the place where the track of the railroad crossed the beaten part of the highway, and the woman driving in advance of the plaintiff crossed in front of the car

and proceeded westerly. The motorman of the car indicated to the plaintiff that she could proceed and cross in advance of the car. She continued her course westerly crossing in front of the car and proceeded westerly driving her horse on a walk, and when about opposite the center of the car the horse suddenly jumped to the left into a ditch upsetting the wagon and the plaintiff was injured, for which injury this action is brought. The car was equipped with hand brakes, and also with brakes operated by air compressed by an automatic motor pump. The jury could have found from the evidence that the air brakes were set against the wheels as the car stood upon the track and that the motorman released the brakes at about the time the horse jumped to one side and that the release of such brakes caused a hissing sound as the air escaped which frightened the horse.

The air escape was about six feet under and in front of the center of the car. The testimony shows that the sound was the usual and ordinary sound occasioned by releasing air brakes and the court charged the jury at the request of the defendant that the noise was not unusual. No evidence was offered on the trial relating to the defendant's right to occupy the highway as stated. It was assumed on the trial that the defendant's use of the highway was rightful and we shall so assume on this appeal. The only ground of negligence claimed by the plaintiff is that the motorman should have waited until the plaintiff was fully west of the car before releasing the brakes.

It appears that the motorman had been employed by the defendant for three years or more. He had seen the plaintiff's horse frequently and met it on the highway once or twice a week and it always went by the car all right. The plaintiff testified that she had had the horse about twelve years and had driven it nearly every day and that it was very kind and gentle and not afraid of the cars. It is not claimed by her that on the day of the accident the horse had given any evidence of fear up to the time the accident actually occurred. The motorman testified : " That the horse pricked

up his ears as he approached the car but that there was nothing to indicate that he was frightened or afraid."

The right of a surface railroad company to run its cars within the bounds of a highway includes the right to do such things and make such noises as are necessary, usual and incidental to such use. The car was stopped and remained standing to allow the plaintiff to cross the track in safety. The removal of the brakes was an act entirely independent of the fact of plaintiff's crossing the tracks and such act should be considered in connection with the facts and circumstances existing when the brakes were released.

Under the circumstances disclosed we are of the opinion that there was no evidence to justify the submission of the question of the defendant's negligence to the jury. The circumstances would not suggest to an ordinarily prudent man that after the wagon had cleared the track and plaintiff was proceeding westerly it was necessary to further refrain from doing any act necessary to start the car.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, HAIGHT, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment reversed, etc.