### HOAG v. SOUTH DOVER MARBLE CO.

(Supreme Court, Appellate Division, Second Department. March 3, 1911.)

DISMISSAL AND NONSUIT (§ 60*)—GROUNDS—DELAY IN PROSECUTION.

It was not an abuse of discretion to dismiss the action where for two years after reversal of a judgment for plaintiff, by judgment in effect holding that as the pleadings stood plaintiff had no cause of action, only junior issues were disposed of, and no motion was made to amend the pleadings; the only excuse for delay being illness of plaintiff and members of her family, this not preventing the taking of the necessary steps to amend the complaint, or the making of an application to read plaintiff's testimony on a former trial, or to take her testimony at her home.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140–152; Dec. Dig. § 60.*]

Appeal from Dutchess County Court.

Action by Mary Hoag against the South Dover Marble Company. From an order in favor of defendant, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Charles Morschauser, for appellant.
Louis Cohn, for respondent.

PER CURIAM. The case has been before the court since 1906. A judgment in favor of the plaintiff was reversed in 1908 (192 N. Y. 412, 85 N. E. 667, 21 L. R. A. (N. S.) 283; 193 N. Y. 646, 86 N. E. 1125), and since that time no move has been made. The judgment of reversal held, in effect, that the plaintiff had no cause of action as the pleadings then stood, and no motion has been made to amend the pleadings. Junior issues have been placed upon the calendar, and tried and disposed of, since the reversal, and the only excuse for delay is that made by the plaintiff, that she and her mother and other members of the family have been ill. This clearly did not prevent her attorney from taking the necessary steps to amend the complaint, nor did it prevent making an application to read the plaintiff's testimony on a former trial, or to take her testimony at her own home. The learned court below has granted the defendant's motion to dismiss the complaint, and we are of the opinion that there is no reason for interfering with the discretion thus exercised.

The order appealed from should be affirmed, with $10 costs and disbursements.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes