## Springfield Consolidated Ry. Co. v. Laura R. Ankrom.

1. Street Cars—*Duty of the Motorman Where Persons are in Danger.*—A motorman in charge of an electric car in a public street is required to exercise a degree of care in the management of his car conducive to the safety of persons using the street with horses or on foot, and in an emergency, his duty toward persons in situations of peril require him to act so as not to increase the surrounding danger.

2. Same—*Frightening Horses by Sounding the Gong.*—A motorman in charge of an electric car came suddenly upon a woman and a little boy with a horse and buggy, in the narrow limits of a public street obstructed with building material, and instead of slacking his speed he ran by them, sounding the gong without ceasing, when the horse took fright, turned over the buggy and ran away, injuring itself, the buggy and the woman's clothing, for which action the street car company was held liable.

**Action for Damages to Personal Property.**—Error to the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed February 28, 1901.

Davis McKeown, attorney for plaintiff in error.

Mather & Snigg, attorneys for defendant in error.

Mr. Justice Wright delivered the opinion of the court.

Defendant in error was driving upon one of the streets of Springfield when her horse took fright, turned over the buggy, ran away, and injured her clothing, the buggy and the horse. Plaintiff in error occupied the street also, with its track, upon which it operated its cars by electric power, and to its negligence in the management of one of its cars, and carelessly and unnecessarily sounding the alarm gong thereon, the fright of the horse and consequent injuries were attributed; and to recover for the same this suit was begun before a justice of the peace, and having been taken to the Circuit Court upon appeal, a trial by jury in the latter court ended in a verdict and judgment for $50 against plaintiff in error, to reverse which this writ of error is prosecuted. The single question of the sufficiency of the evidence to sustain the verdict and judgment is here presented by the record, briefs and arguments.

The street along which defendant in error was driving, and which was also occupied by the car track, was, at the time the injury occurred, obstructed somewhat at the point where the fright of the horse took place, by brick, sand, and a mortar box, adjacent to a lot upon which a building was being erected. According to the evidence the clear space of the street between the car track and the mortar box and other building material, was from ten to twelve feet, and it was necessary for defendant to drive through the narrow point, or cross the track, to continue the journey she was then pursuing. One of the cars of plaintiff in error approached this point around a curve in the track from another street at the same time it was approached by defendant in error with her little son in the buggy. The evidence in the case is conflicting as to what happened when the car and the buggy approached each other from opposite directions. If the jury believed the testimony of the witnesses for the defendant in error, which in view of their verdict they doubtless did, the motorman on the car, if in the exercise of due care for the safety of others who had equal right to be upon the street, discovered the narrow limit in which the horse and buggy was confined, and the necessarily perilous situation in which the occupants of the buggy would be if the car was not managed with care. On the part of the plaintiff in error it is contended the car stopped upon the curve and ceased to sound the gong; on the other hand the witnesses for defendant in error testified it did not stop at any time, but ran by the horse in the narrow way, sounding the gong without ceasing. This was the vital issue of fact in the case, and the evidence upon it is irreconcilably conflicting; and in the absence of erroneous ruling upon the admission of evidence, or the instructions of the court, and there being no complaint in those, respects, we are disposed to accept the finding of the jury as decisive of the facts. If, then, as we believe, the jury were warranted in finding the defendant in error was necessarily brought unusually near the track by obstructions on the street, it was, we think, the clear duty of the manager of the electric car, in the exercise of ordinary care for the safety of the horse and buggy and its

occupants, to refrain from sounding the gong or running the car. The evidence is also, and the jury doubtless so believed, that the manager of the car was requested to desist from sounding the gong, or moving the car. The motorman, in his testimony, admits that the woman in the buggy made a sign to him, which, not understanding, he assumed was an invitation to him to proceed with the car, and this he did. The result was that the horse, being frightened, either at the car or the gong, most likely both combined, ran the buggy upon the mortar box, capsized it, and ran away, incurring the injuries before mentioned. To us it is inconceivable that a competent person of ordinary intelligence to have the management of an electric car upon a public street, where a degree of care in such management of an electric car is required subservient to the safety of other persons using the street on foot or with teams, would, in an emergency of peril, understand that the person in such perilous situation would require him to so act as to increase the surrounding danger. The jury were justified in inferring from the testimony of the motorman alone that he failed to use proper care to understand the actual situation of things, and that he failed to act with due care, in view of the conditions as they would have actually appeared to him, had he been controlled by due circumspection.

We believe the jury were fully warranted by the evidence in their verdict, both as to guilt of the negligence charged, and the amount of the damages awarded, and the judgment of the Circuit Court will therefore be affirmed.

Judgment affirmed.