Denison & Sherman Railway Company v. J. B. Powell.

Decided April 13, 1904.

**1.—Frightening Horse—Signals Increasing Fright.**

Pleading and evidence held to present and warrant submission of issue as to defendant's negligence in increasing the fright of a horse by sounding the bell or gong of a suburban car after perceiving that such sound was having such effect.

**2.—Discovered Peril—Master and Servant.**

If either the conductor or motorman on an electric car perceived the fright of a horse by the sounding of the gong, it was his duty to have it stopped, though he was not the one sounding it.

**3.—Negligence—Speed—Ordinance.**

An ordinance limiting the speed of street cars within city limits makes a higher rate of speed negligence if injury results therefrom.

**4.—Discovered Peril—Pleading—Evidence.**

Submission of the issue of negligence on the part of those operating an electric car in maintaining too high speed after discovery that a horse was alarmed thereby, held warranted by pleading and evidence.

**5.—Personal Injury—Evidence—Hired Help.**

In corroboration of the claim of an injured woman to be disqualified for household work, evidence was admissible that they kept hired help as long as they were able after the injury, and that after that she was assisted in household work by her husband and children.

**6.—Evidence—Leading Question.**

Question to a medical expert as to apparent time the injuries testified to by him had continued held not inadmissible because leading and suggestive.

**7.—Evidence.**

Testimony of a medical witness as to having been called in various cases by other doctors held admissible in view of a cross-examination intimating conspiracy between him and the other attending physician who had called him into the case to make out a case of damages for plaintiff.

**8.—Evidence—Electric Cars in Street.**

Evidence that the street where injury occurred was much traveled by the public was admissible as bearing on the extent of care due from those operating an electric car along it.

Appeal from the District Court of Grayson. Tried below before Hon. J. M. Pearson.

*Head & Dillard,* for appellant.

*E. J. Smith* and *Wilkins, Vinson & Moore,* for appellee.

EIDSON, Associate Justice.—This action was brought by the appellee to recover $25,000 damages, alleged to have been sustained on account of injuries received by his wife through the negligence of appellant. On October 7, 1902, appellee's wife was driving south on Myrick Avenue, in the city of Denison, in a one-horse wagon with her two children, when her horse became frightened at one of appellant's cars, which was coming in a direction meeting her, and finally ran the vehicle against a post or tree and threw her from the wagon, whereby she sustained the injuries alleged in appellee's petition. On November 7, 1902, appellee instituted this suit.

The allegations of negligence were substantially as follows:    That

appellant's car was negligently run at a high rate of speed, that is, about twenty miles per hour, and in violation of an ordinance of the city of Denison which limited the speed to the rate of twelve miles an hour; that appellant, its agents, servants and employes, had negligently placed or permitted to be placed and to remain on said car on its side and front streamers or banners advertising or calling attention to some form of entertainment at one of the pleasure parks situated along the . line of appellant's railway, between the cities of Sherman and Denison; that the approach of said car at the high rate of speed it was running, and the appearance of said car and said streamers or banners fluttering in the breeze and coming in the direction of the horse and vehicle, so driven by plaintiff's said wife, said car at the time presenting an unusual and unnatural appearance, caused the said horse so driven by plaintiff's wife to become greatly frightened and unmanageable, and as said car approached said vehicle the appellant's agents and servants in charge of said car negligently and recklessly made and emitted loud noises with a bell, gong or whistle, which added to the fright of said horse, already caused by the approach and appearance of said car having thereon said streamers or banners, and increased the danger to appellee's wife and children; that said horse being so frightened and unmanageable, ran the vehicle in which plaintiff's wife and children were driving on and against a tree or post on or about the east side of said street and the track of said railway, and thereby threw plaintiff's wife out of said vehicle and violently to the ground, by reason of which she sustained serious and permanent injuries.

Appellant pleaded general and special demurrers, general denial, and special answer setting up contributory negligence and assumed risk. Appellee by supplemental petition responded to appellant's answer by general demurrer and general denial.

The record shows no action taken by the court below on the demurrers of either party, hence they will be considered as waived. The trial was had before a jury and resulted in a verdict and judgment in favor of the appellee for $4000.

Appellant's first assignment of error is as follows: "The court erred in the fourth paragraph of the general charge in submitting to the jury the issue as to whether or not defendant's employes in charge of the car saw that the ringing of the bell or sounding of the gong was the occasion of fright on the part of plaintiff's wife's horse and continued to ring said bell or sound said gong after such discovery; the evidence not being sufficient to authorize the submission of such issue."

We overrule this assignment of error, as the record shows sufficient testimony to authorize the submission of the issue to the jury complained of. The appellant under the above assignment of error submits the proposition that the appellee's pleading was not sufficient to authorize the submission of said issue to the jury. We think this proposition is not authorized by the assignment of error; but even if it is properly submitted under that assignment of error, we think the

court below committed no error in submitting the issue complained of to the jury, because the pleadings of appellee were sufficient to authorize such submission.

The following allegations in appellee's petition authorized the submission of the issue complained of: "That the approach of said car at the high rate of speed it was running, and the appearance of said car and said streamers or banners fluttering in the breeze and coming in the direction of the horse and vehicle so driven by plaintiff's said wife, said car at the time presenting an unusual and unnatural appearance, caused the said horse so driven by plaintiff's wife to become greatly frightened and unmanageable; and as said car approached said horse and vehicle, the defendant's agents and servants in charge of said car negligently and recklessly made and emitted loud noises with the bell, gong or whistle, which added to the fright of said horse, already caused by the approach and appearance of said car, having thereon said streamers and banners. * * * That defendant's railway going north was up grade to a point opposite or about opposite the residence of said T. V. Munson, and from there down to the point where plaintiff's wife was injured and to the point where said horse first became frightened, was down grade first and then up grade to said point; and plaintiff's wife was in plain view of the motorman in charge of said car as soon as the same started on said down grade and said motorman saw her; that it was his duty to keep a lookout, and that if he had kept a lookout and exercised ordinary care he would have seen her; but said motorman and defendant's other agents and servants in charge of and upon said car, negligently failed to make any effort to prevent plaintiff's said wife from being injured, and negligently failed to keep a proper lookout, which if done, they would have seen said plaintiff's wife, and by ordinary care and diligence could have stopped the car in time to have prevented injury to plaintiff's wife."

Appellant's second assignment of error complains of the general charge of the court in instructing the jury that the defendant would be liable if the gong or bell was sounded, after either the conductor or motorman discovered that plaintiff's wife's horse was being frightened thereby, without regard to whether or not the gong or bell was so sounded by the one who made the discovery. If either the motorman or conductor saw that the sounding of the gong was frightening the horse of appellee's wife, and would likely cause her injury, if the gong was continued to be sounded, it was the duty of either or both of them to stop or have stopped the sounding of the gong.

It appears from the testimony that both the conductor and motorman saw appellee's wife and the vehicle and the horse some time before the accident occurred, and it also appears from the testimony that the horse got frightened at the car as soon as the same came within sight of appellee's wife, and that his fright increased and he became more unmanageable up to the time of the accident, and that the bell was ringing when

appellee's wife first saw the car, and that it continued to ring up to and after the time of the accident. And it further appears that appellee's wife and the horse were in full view of both the motorman and conductor for a considerable distance before the accident occurred.

We think the evidence reasonably shows that if both the conductor and motorman did not discover that appellee's wife's horse was being frightened, and that the bell was rung after such discovery, it does show that one of them did, which would be sufficient. If the motorman discovered such to be the fact, and he was not the one who sounded the bell after such discovery, it was his duty to notify the employe who was sounding the bell to desist therefrom; and the same would have been the duty of the conductor, in the event he discovered that plaintiff's wife's horse was being frightened by the ringing of the bell. We conclude that there was no error in giving the instruction complained of.

The third assignment of error complains of the general charge of the court in submitting to the jury the issue as to whether or not the plaintiff's wife's horse was frightened by the car being run at a greater rate of speed than twelve miles per hour. An ordinance of the city of Denison in force at the time of the accident, limiting the speed of street cars within the limits of the city to twelve miles per hour, was introduced in evidence; and there is testimony in the record tending to show that at the time of the accident the car was being run at the rate of about twenty miles per hour. Hence there was no error in submitting the paragraph of the charge complained of.

In appellant's fourth assignment of error complaint is made of the fifth paragraph of the general charge of the court in submitting to the jury the issue as to whether or not appellant's employes in charge of the car saw and knew that the rapid speed at which the defendant's car was being propelled was the cause of the plaintiff's horse becoming frightened, and after they saw this, failed to exercise ordinary care to stop said car or slacken its speed.

Appellant insists that the error in this charge consists of (1) in that the evidence was not sufficient to authorize the submission of such an issue; (2) the wording of this charge was upon the weight of the evidence, in that it was calculated to and did cause the jury to believe that defendant's employes actually discovered that plaintiff's horse was being frightened by the running of the car at a speed exceeding twelve miles per hour, and after such discovery failed to exercise proper care to avoid the injury; and (3) appellee's pleading was not sufficient to authorize the submission of the issue.

The record discloses sufficient evidence to authorize the submission of the issue. In regard to the second specified ground of complaint against said charge, appellant having submitted no proposition in relation to said ground, we are not required to consider same; but, even if the matter was properly presented for consideration, we do not think the point is well taken, as in our opinion said paragraph of the charge is not upon the weight of the evidence.

In reference to the question that appellee's pleading was not sufficient to authorize the submission of such issue, we are of opinion that that part of appellee's petition which is as follows was sufficient for that purpose: "That defendant's railway going north was up grade to a point opposite or about opposite the residence of said T. V. Munson, and from there down to the point where plaintiff's wife was injured, and to the point where said horse first became frightened was down grade first and then up grade to said point, and plaintiff's wife was in plain view of the motorman in charge of said car as soon as the same started on said down grade and said motorman saw her; that it was his duty to keep a lookout, and that if he had kept such lookout and exercised ordinary care, he would have seen her, but such motorman and defendant's other agents and servants in charge of and upon said car negligently failed to make any effort to prevent plaintiff's said wife from being injured, and negligently failed to keep a proper lookout, which if done, they would have seen the plaintiff's wife, and by ordinary care and diligence could have stopped the car in time to have prevented the injury to plaintiff's wife. * * * That the approach of said car at the high rate of speed it was running, and the appearance of said car and said streamers or banners fluttering in the breeze, and coming in the direction of the horse and vehicle so driven by plaintiff's said wife, said car at the time presenting an unusual and unnatural appearance, caused said horse so driven by plaintiff's wife to become greatly frightened and unmanageable. * * * That under the circumstances and conditions that then and there existed, it was impossible for plaintiff's wife to avoid the injury that she received; that the place where it occurred was a place of danger to the traveling public, and especially to plaintiff's wife and his said children, and a place where such accidents might reasonably be expected to occur were not proper lookouts kept and proper speed maintained and ordinary care exercised on the part of defendant, its agents and servants, as was well known to the defendant, its agents and servants in charge of said car, and required of them the greatest care and diligence to avoid injuring persons traveling along said Myrick Avenue at the place where plaintiff's wife was injured. Yet plaintiff charges that defendant's agents and servants in charge of said car ran the same at a high rate of speed from said point opposite said T. V. Munson's residence to the place where said horse started to and did run away, without exercising any care or diligence at all, and without considering or caring whether plaintiff's said wife and children and other persons that might then and there be traveling along said avenue, were injured or not."

We overrule the fifth and sixth assignments of error of appellant. As has already been said, there was sufficient testimony introduced to authorize the court to submit to the jury the issues of negligence alleged in appellee's petition, and the matters raised by these assignments of error were questions for the jury, and were properly submitted to them

in the general charge of the court.   McCann v. Con. Trac. Co., 38 Law. Rep. Ann., 236; Topeka Water Co. v. Whiting, 39 Law. Rep. Ann., 90.

The issues to which special charges numbers 2 and 3 requested by appellant related were properly submitted by the court to the jury, there being sufficient evidence to authorize such submission; and therefore there was no error in refusing to give such specially requested charges.

There was no error in the action of the court overruling the objections of appellant to the admission of the testimony of Mrs. Powell to the effect that appellee kept hired help to do the household work as long as he was able, and afterwards that her husband and children did the most of it after she received her injuries.   This testimony tended to corroborate her other testimony showing that she was unable to do her household work, and was therefore material and relevant. However, there was other testimony in substance to the same effect admitted on the trial, to which there was no objection raised.   Jane Hudson, a witness for appellee, testified, in substance, that before Mrs. Powell got hurt she was well and hearty and did her own work.   Since that time she had not seen her do her own work; that witness, since Mrs. Powell was hurt, had done some work for her, such as washing, ironing and cleaning up, and her children and her husband do her work now.   And further, appellant does not complain in its brief that the verdict is excessive, and. the admission of the evidence complained of is without prejudice to it.

The appellant complains of the action of the court in permitting, over its objections, the appellee to ask the witness Dr. W. T. Booth the following question:  "Then in your judgment, if I understand you, on examination on the second day you were there, you and Dr. Teas found no evidence that the condition you found existing there then existed prior to the time she was hurt?"   And in admitting in evidence the answer of said witness to said question, which is as follows:  "No, sir; there was no evidence of any prior trouble, in my judgment."

The ground of objection was that the question was leading and suggestive.   This witness had, before the question complained of was asked him, testified without objection that plaintiff's wife's injuries were recent.   Hence the permission of the question and the admission of the answer thereto could not have prejudiced appellant.   And besides there is nothing in the brief of appellant showing that it claimed that appellee's wife was injured prior to the accident upon which this action is based, or that she was not injured upon the occasion of said accident; and appellant does not complain that the verdict is excessive. Hence we do not see how the admission of such testimony could have been to the prejudice of appellant.   And further we do not think that the question is leading, as it simply appears to be only a repetition of what was the effect or substance of the testimony of said witness already introduced without objection.

From appellant's bill of exceptions number 6 it appears that the court below permitted the witness Dr. F. M. Teas to testify for plaintiff

that when he was called on by Dr. Booth to wait on Mrs. Powell, that it was not the first time that he had been called on by physicians of Denison, but that other physicians besides Dr. Booth had called on him, although he did not know how many times. It appears from the record that appellant on cross-examination of Drs. Booth and Teas attempted to draw out from them testimony tending to show that Dr. Booth and Dr. Teas had entered into a conspiracy to testify to matters that would support the claim of appellee in this case against appellant. In view of this, we think the testimony objected to was pertinent and material.

Appellant's tenth assignment of error complains of the action of the court in permitting over its objections the appellee to testify in his own behalf that Myrick Avenue, where the injury occurred, was much traveled by the public. We think there was no error in the admission of this testimony, as it was proper and legitimate for appellee to show that the street where the accident occurred was much frequented and traveled by the public, as tending to show the degree of care required of appellant in operating its cars along said street, and the reasonable necessity for keeping a proper, careful and constant lookout to avoid injuries to persons traveling along said street.

There was no error in the action of the court refusing to permit appellant's witness Miss Mabel Reiley to answer the question propounded to her by appellant, as follows: "Had you seen the horse coming towards you before it got frightened?" If this question was not leading the action of the court was without prejudice to appellant, because the record shows that the witness, in effect, testified that she saw the horse coming towards her before it became frightened, which was the answer sought by the above question.

The twelfth, thirteenth and fourteenth assignments of error simply raise the question as to the sufficiency of the evidence to support the verdict of the jury. We are of the opinion that there is ample testimony in the record to sustain the verdict of the jury.

There being no reversible error in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused October 13, 1904.