GEORGIA RAILWAY AND ELECTRIC COMPANY *v.* BLACKNALL.

CANDLER, J. 1. As has been repeatedly ruled by this court, it is not cause for a new trial that the judge, in giving in charge a pertinent and applicable principle of law, failed to charge in connection therewith some other principle equally pertinent and applicable. Accordingly, after verdict in an action for damages for the alleged negligent killing of the plaintiff's horse by a street-railway company, a new trial will not be granted because the court charged that when the plaintiff showed that the horse was killed by the car of the defendant, the burden would then be shifted to the defendant to show that it exercised all reasonable care and diligence, without charging in the same connection the other defenses which would relieve the defendant from liability.

2. It was not error, for any reason assigned, to charge that "a railway company can not use unnecessary noises to frighten horses," and that if the jury believed that the plaintiff's horse was frightened by an unnecessary noise made by the car of the defendant, they should "find this fact against the railway company."

3. There was evidence to authorize a finding that the plaintiff was without fault; that the defendant was negligent in running an unusually wide car at a rapid and dangerous rate of speed on a narrow street; and that by reason of the defendant's negligence the plaintiff's horse, which was stationed as far away from the street-car tracks as possible, was so startled that it threw up its head at the approach of the car in such a manner as to be struck and killed. It is for the jury to say whether or not a given act constitutes negligence. Their verdict in this case was approved by the trial judge, and, there being some evidence to support their finding, this court, following its well-established custom, will not interfere with the judgment overruling the motion for a new trial.

*Judgment affirmed.     All the Justices concur, except Simmons, C. J., who dissents.*

Argued January 30,—Decided March 6, 1905.

Action for damages. Before Judge Calhoun. City court of Atlanta. February 10, 1904.

According to the testimony for the plaintiff, her horse and a wagon to which it was attached were in the street, standing as near as possible to the curbstone of the sidewalk, his head down

and fronting south, when an electric car going north approached very rapidly. About the time it was opposite the horse, the motorman of the car rang a gong, and the horse suddenly threw up his head, turning it slightly toward the car, and was struck on the side of his head by a hand-bar attached to the car, and instantly killed. The width of the wagon was about 6 feet and 3 inches, and the distance between the curbstone and the car-track was 8 feet and 4 inches. The car was "exceedingly wide." It was open, with seats extending across it, and with posts at the sides, from which hand-bars extended about 3 1/2 or 4 inches. The horse was struck by the first or second hand-bar. He could not have turned his head towards the car without being hit. The motorman stopped the car about 150 feet from where the horse was struck. Nobody was with the horse, his driver having gone into a house in front of which the wagon was standing. The horse and wagon were used for the purpose of delivering groceries, he was very gentle, was accustomed to the cars, had been left at the same place before, and had never exhibited any fright at the cars; they had run by without his raising his head as they passed. There was no other noise to attract his attention at the time he lifted his head than that of the car and gong. His value was $175. There was evidence for the defendant to the effect that the car was running slowly; that the speed was between 6 and 8 miles an hour; that it stopped about a car-length from where the horse was struck; and that the gong was not rung, —that it was not necessary to ring it.

The verdict was against the railway company, for $75. In its motion for a new trial, the overruling of which it assigned as error, it alleged that the verdict was contrary to law and the evidence, and that the court erred in the following instructions to the jury: (1) "That law means this, that when the plaintiff shows that this horse was killed, the law presumes negligence against the company. It presumes that the company was negligent, and then the burden is shifted to the railway company to show that it exercised all reasonable and proper care and diligence; and if it shows that, then you would be authorized to find against the plaintiff and for the company." (2) "A railway company can not use unnecessary noises to frighten horses." (3) "If you believe that it was an unnecessary noise, and that unnecessary noise

frightened the horse, then you would find this fact against the railway company." It is alleged that the first of these instructions was error, because the court failed to charge, in connection with it, as to other defenses which would relieve the defendant from liability ; and that the other instructions were erroneous in charging that the use of unnecessary noises was negligence per se, and also in stating only a part of the rule, the law being that noises must be both unusual and unnecessary before the jury can base on them a finding of negligence.

Cited by counsel, as to the general grounds of the motion for a new trial: 117 *Ga.* 221 ; 114 *Ga.* 133, s. c. 119 *Ga.* 70 ; 114 *Ga.* 760 ; 93 *Ga.* 253 ; Id. 319 ; 79 Mo. 336 (4) ; 25 Mo. App. 227 ; 39 Ill. App. 443 ; 64 Miss. 637, 641 ; 21 So. 249 ; 5 So. 630 ; 3 So. 170 ; 44 Pa. 929 ; 29 S. W. 320 ; 39 S. W. 31 ; 37 Atl. 516 ; 74 N. W. 361 ; Thomp. Neg. § 2108.    As to the charge of the court: Civil Code, § 2322 ; 68 *Ga.* 744 (3) ; 118 *Ga.* 418 ; 120 *Ga.* 475 ; 94 *Ga.* 560 ; 104 *Ga.* 247 ; 113 *Ga.* 849 ; 114 *Ga.* 370, 386, 389 ; 110 *Ga.* 247 (2) ; 119 *Ga.* 523 (4) ; 121 *Ga.* 29 ; 101 *Ga.* 66.

*Rosser & Brandon* and *W. T. Colquitt*, for plaintiff in error.