proposition is also true: Where a private citizen, for whose benefit the contract is made between the city and the telephone company fixing maximum rates for telephone service, voluntarily and with full knowledge of the facts enters into a contract with the telephone company for service at a different rate than that prescribed by the municipal franchise, he cannot, while said contract is still in force, elect to repudiate his contract and demand a different service at a different rate, by virtue of the franchise, in place and stead of the service he has contracted for, on the ground that the telephone company is bound by its franchise to render the service demanded at the more favorable rate.

As it has been held that the telephone company may, by entering into a voluntary agreement with the city fixing maximum rates, be estopped from questioning the authority of the city to enter into such agreement, so I hold that the citizen may, by entering into a contract with the telephone company, be estopped from questioning the authority of the company to make such contract with him. Plaintiff has recognized the right of the telephone company to make the contract now in force between it and defendant, and the policy of the law denies that a man may take inconsistent positions, repudiate his acts, and disturb an agreement voluntarily made by him with full knowledge of the facts, although his present claim, asserted independently of his contract, may in fact be legal.

Motion denied.

―――――――

SAUTER v. INTERNATIONAL RY. CO.

(Supreme Court, Appellate Division, Fourth Department. November 11, 1908.)

STREET RAILROADS (§ 87*)—OPERATION—COLLISION WITH VEHICLES—LIABILITY —NEGLIGENCE.

 While defendant could move its street car past a vehicle on the street and sound the gong in crossing another street, the vehicle being necessarily close to the car because of the narrowness of the street, the motorman was bound to exercise reasonable care in sounding the gong and starting the car, and if he unnecessarily and violently sounded the gong, so as to frighten the horse, or suddenly increased the speed of the car, so as to cause a collision with the vehicle, by which the persons therein were injured, the company would be liable.

 [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 181; Dec. Dig. § 87.*]

Appeal from Special Term, Erie County.

Action by Josephine Sauter against the International Railway Company. From a judgment for plaintiff, defendant appealed. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Norton, Penney & Sears and Dana L. Spring, for appellant.
Clifford Nichols, for respondent.

WILLIAMS, J. The judgment of the Special Term should be affirmed, with costs. The action was brought to recover damages for

―――――――

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

personal injuries alleged to have resulted from the negligence of the defendant. Plaintiff was out driving with a young man, with a horse attached to a runabout. While they were passing through a narrow street, in which the driveway beside the car track was quite narrow, one of defendant's cars passed the rig in which plaintiff was riding. The front part of the car passed by safely, but the back steps struck the wheel of the runabout, and the plaintiff was thrown out and injured. The finding of the jury that the plaintiff and the young man driving with her were free from contributory negligence was justified by the evidence.

As to the negligence of the defendant the court left two questions to the jury: Whether the speed of the car was increased unnecessarily before it had fully passed the rig; and whether the gong of the car was sounded unnecessarily, and the horse was thereby frightened. The jury was instructed to find whether, in either of these respects, the defendant was guilty of negligence which caused the accident and injuries. This instruction was approved of by the court at Special Term, particularly with reference to the sounding of the gong. The trial court and the Special Term were correct as to the law. While the motorman had the right to move his car along past the rig, and to sound the gong as he was about to cross an intersecting street, yet, considering the narrow space in which the rig was placed, and its necessarily close proximity to the car, the motorman was called upon to exercise reasonable care in the sounding of the gong and in starting up his car, so as not to endanger the persons in the rig. If, disregarding this duty, he unnecessarily and violently sounded the gong, and frightened the horse, and suddenly increased the speed of his car, so as to be unable to stop it, if there was likely to be a collision, he was guilty of negligence, and if the accident resulted therefrom the defendant might be held liable therefor, and for the injuries to the plaintiff.

In the case of Mayer v. N. Y. C. & H. R. R. R. Co., 55 Hun, 608, 8 N. Y. Supp. 461, affirmed 132 N. Y. 579, 30 N. E. 867, Mr. Presiding Justice Van Brunt considered the rights and duties of steam railroads and travelers on the streets with vehicles, and among other things said:

"The railroad company, having the right to use the whistle, could not be charged with negligence in its use, unless there had been an improper or abusive exercise of that right. The jury could not find that the defendant was guilty of negligence in blowing this whistle, unless there had been, as already stated, an improper exercise of this right under all the circumstances which surrounded the defendant in the operation of its road at this particular locality. This question was distinctly presented to the jury, and they were instructed that in case the defendant had abused the right to sound the whistle, that it had sounded it in an improper place, too frequently, unnecessarily, or improperly, because of the nature of the locality through which their track ran and the road was operated, they might find the defendant guilty of negligence. The jury certainly had no right, unless some of these elements were present, showing an abuse by the defendant of the right which they had, to find the defendant guilty of negligence; and it was only because some of these elements showing an abuse of the right might have been found to be present that the court submitted the question at all to the jury. This is a reasonable rule, was approved by the Court of Appeals, and I think has never been changed since it was laid down in 1890."

I do not think the late case of Hoag v. S. D. M. Co., 192 N. Y. 412, 85 N. E. 662, suggests any different rule. That case is clearly distinguishable.

There was a close question of fact in this case whether there was negligence in either of the respects charged and the accident resulted therefrom. The defendant claimed there was no violent sounding of the gong, and no sudden and rapid increasing of the speed of the car, but the accident was caused by the driver turning his horse's head away from the car after the front part had passed the rig, and that the front wheel was thus turned so that the rear steps of the car struck it. It is argued quite persistently that the verdict in this respect was contrary to the evidence, against the weight thereof, and should for that reason be set aside and a new trial granted. I think not.

The verdict is small. A new trial would not be likely to aid the defendant, and, inasmuch as the jury is to have the last say anyway, I think the case better be affirmed now. All concur.