**MUSKOGEE ELECTRIC TRACTION CO. v. THOMPSON.**

No. 13059—Opinion Filed April 1, 1924.

Rehearing Denied Sept. 16, 1924.

1. **Appeal and Error—Assignment of Error —Grouping Refused Instructions.**

Where several instructions are requested and refused, it is not sufficient to present the refusal of all the requested instructions in a single assignment of error for the purpose of having all such requested instructions reviewed. If any one of such requested instructions is wrong, no error is presented.

2. **Trial—Refusal of Requested Instructions —Evidence.**

It is not error for the trial court to refuse to give a requested instruction which assumes as true a fact in dispute in the proof, or assumes as true a fact which is contrary to all the evidence upon the point.

3. **Negligence—Refusal of Instructions— Personal Injuries.**

In a personal injury case it is not error to refuse a requested instruction which makes wanton and wilful wrong the measure of defendant's negligence.

4. **Same—Proper Instructions.**

In the trial of a personal injury case, it is not error for the trial court, in the instructions, to tell the jury what the duty of the defendant is in a given state of circumstances, when it is left to the jury to determine as a question of fact whether such circumstances have been proven, and whether such duty has been breached, and whether such breach was the proximate cause of the injury complained of.

5. **Same—Street Railroads—Damages from Frightening Horses—Affirmance.**

Record examined and held, that it was not error of the trial court to refuse the requested instructions; and held, that it was not error of the trial court to give the instructions complained of; and held, that the judgment of the trial court should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Muskogee County; Guy F. Nelson, Judge.

Action by Mattie Thompson against the Muskogee Electric Traction Company, a corporation, for personal injury. Judgment for plaintiff, and defendant appeals. Affirmed.

C. A. Summers, for plaintiff in error.

Crump, White & Seawel, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error, defendant below, will be referred to herein as the defendant, and the defendant in error, plaintiff below, as the plaintiff.

The plaintiff commenced this action in the district court of Muskogee county on the 16th of June, 1921. The plaintiff complains that she sustained personal injury on or about the 2nd day of April, 1921, by reason of the carelessness and negligence of the defendant, and prays judgment for her damages in the sum of $3,077. Defendant answered by general denial and by plea of contributory negligence.

The cause was called for trial on the 28th of October, 1921, tried to a jury, resulting in a verdict for plaintiff in the sum of $600, on which judgment was entered; and the defendant appeals, and the cause is here regularly for review.

The defendant assigned many errors of the trial court in its motion for a new trial and in its petition in error. However counsel for defendant contents himself with presenting its reasons for reversal of the judgment under two propositions. They are: (1) That the court erred in refusing to give re-

quested instructions numbers two, three and four, and; (2) that the court erred in giving court's instruction number five.

(1) In requested instruction number two defendant desired the court to instruct the jury that a person who drives along the street railway track, knowing that street cars are likely to pass, and who knows that the horse he is driving is afraid of street cars, cannot recover for an accident caused by the horse becoming frightened at the car, unless the defendant, in the exercise of due care, could have prevented the accident.

In requested instruction number three defendant desired to have the court instruct the jury that if the plaintiff voluntarily exposed herself to the risk of an accident by the horse being driven taking fright at the usual noise made by the street car, she cannot recover unless the jury should find that after the peril became apparent to the motorman, the motorman negligently failed to take due precaution to avoid the accident.

And, by instruction number four, the defendant sought to have the jury instructed that mere fright of the horse drawing a buggy in which the plaintiff was riding does not show that the persons riding in the buggy are in peril; that the presumption to be indulged by the motorman is that the driver will be able to control the horse and the motorman is not required to slow up or stop his car because a horse upon some street is frightened, but may proceed at the usual speed and with the usual noise so long as he does not show a wanton disregard for the safety of the person driving such horse.

The requested instructions were refused and exceptions allowed. The defendant presents the refusal to give these instructions as one assignment of error. After citing authorities, in its brief it says:

"These authorities show conclusively that these requested instructions should have been given to the jury by the trial court, and that the court erred in refusing to give them."

In Walters v. Village of Exeter, 87 Neb. 125, 126 N. W. 868, a rule is laid down for the consideration of a single assignment of error based upon the refusal to give several instructions. It is said:

"Where the refusal to give several instructions is the subject of a joint assignment of error, the instructions will be examined only so far as necessary to determine whether one of them was properly refused."

In 3 Corpus Juris, 1376, section 1525, it is said:

"It is a rule of almost universal application that an assignment of error directed against a charge embodying several propositions as a whole, or against the giving or refusing a group of instructions embodying distinct propositions, is insufficient. The portion of the charge complained of, or the instructions, the giving or refusing of which is claimed to be error, should be distinctly designated or pointed out. Single assignments of error should not embrace more than one proposition and on a violation of the rule the assignment will usually be disregarded."

If any one of these requested instructions was wrong, then there is no error presented.

Instruction number two assumes that plaintiff knew, not only that street cars were likely to pass, but also that plaintiff knew that the horse, she was riding behind was afraid of street cars. Before such assumption could be made the facts must be established beyond dispute, or admitted to be true. That street cars were likely to pass was probably not in dispute; but the other assumption, i. e., that plaintiff knew that the horse she was riding behind was afraid of street cars, is not supported by any evidence. The evidence is that the horse was gentle and was not known to be afraid of street cars. That being the record, the instruction was wrong in making such assumption, and it was not error to refuse instruction number two.

Instruction number three, as requested by defendant, assumes as a fact a thing about which all the proof in the case is to the contrary, i. e., it assumes that there was a risk of having an accident when plaintiff went upon the street. It also assumes as a fact that plaintiff was doing the driving, when the proof shows that she was not doing the driving and was not responsible for the manner in which the driving was done. It was not error to refuse defendant's requested instruction number three.

The vice in defendant's requested instruction number four is that it makes wanton disregard for the plaintiff's safety the standard by which defendant's negligence is to be measured, when all the cases hold that the defendant should exercise reasonable and ordinary care in the operation of its cars not to injure others upon the streets. This instruction would have the effect of saying that the defendant would not be required to exercise reasonable and ordinary care, but must not wilfully, wantonly, or purposely do something to injure others. We know of no authority that authorizes any such an instruction. It was not error to refuse requested instruction number four.

Notwithstanding the general rule that the refusal to give several requested instructions cannot be presented in one assignment of er-

ror, we have carefully examined all three of the requested instructions in the light of the evidence taken upon the trial, and believe that no one of them was a correct declaration of law as applicable to the evidence brought up in the record.

(2) The defendant complains of instruction number five given by the court. It is as follows:

"You are further instructed that it was the duty of the motorman operating the street car of the defendant company involved in this action, to stop sounding the gong on said street car after he observed that the horse drawing the wagon in which the plaintiff was riding was scared at the approach of said street car, and a failure to stop sounding such gong under such circumstances would be negligence on the part of such motorman for which the defendant company would be liable, if you further find that the failure, if any, to stop sounding such gong caused said horse drawing the wagon in which plaintiff was riding to become unmanageable and that such failure, if any, was the direct and proximate cause of such street car striking said wagon and thereby causing plaintiff's injuries in question, unless you further find that plaintiff herself was guilty of negligence directly causing or contributing as a proximate cause of her injuries in question."

The defendant contends that this instruction was wrong because the court declared as a matter of law "that it was the duty of the motorman to stop sounding his gong when he observed that the horse drawing the wagon in which the plaintiff was riding was scared." If the court had told the jury just that, there might be some reason for the criticism offered, but that was not all the court said in the instruction. The testimony warranted the conclusion that the motorman observed that the horse was scared at the approach of the car when he was more than 200 feet away, and that he continued to approach sounding the gong. The court, in this instruction, told the jury it was the duty of the motorman to stop sounding the gong after he observed that the horse was scared at the approach of the car, and also told the jury that if he failed to stop sounding his gong it would be negligence for which the company would be liable, if the jury should find that the failure, if he did fail, to stop sounding the gong, was the proximate cause of the injury; unless plaintiff was guilty of negligence which caused or contributed to her injury. The instruction complained of is an almost, if not quite, technically correct declaration of the law applicable to the evidence the court had before it. The motorman knew the horse was scared at the approach of the car. He likewise knew that sounding the gong was not likely

to lessen the fright of the horse, and also knew that the necessity for ringing the gong did not exist; ringing the gong was a warning of the approach of the car, and the scared horse was, as both motorman and occupants of the buggy well knew, already too well aware of the proximity of the car. It was not error under the circumstances presented for the court to tell the jury that it was the duty of the motorman to stop ringing the gong after he observed that the horse was scared at the approaching car, if such was the case.

In Oates v. Metropolitan St. Ry. Co., 168 Mo. 535, 68 S. W. 906, the court said:

"The true rule is, while the bell must ordinarily be sounded to give notice of the approach of the car, still if the operator of the car sees that a horse is already frightened by the approach of the car, and that the citizen is in danger, it is his duty to cease sounding the bell, and to even stop, if necessary; and if, instead of doing so he continues to sound the gong or ring the bell, and further frightens the horse, and cause him to run away, the company is liable for injuries inflicted in consequence thereof.

"There was no necessity or sense in ringing the bell in this instance if the testimony of the plaintiff is true, for both the plaintiff and the horse knew of the approach of the car, and hence, no further notice thereof was necessary."

To like effect are: Springfield Consolidated Ry. Co. v. Ankrom, 93 Ill. App. 655; Sauter v. International Ry. Co., 128 App. Div. 400, 112 N. Y. Supp. 863; Knoxville Traction Co. v. Mullins, 111 Tenn. 329, 76 S. W. 890; Denison & S. Ry. Co. v. Powell, 35 Tex. Civ. App. 454, 80 S. W. 1054; Georgia Ry. & Electric Co. v. Joiner, 120 Ga. 905, 48 S. E. 336; Georgia Ry. & Electric Co. Blacknall, 122 Ga. 310, 50 S. E. 92; Myers v. Brantford Street Ry. C., 27 Ont. Rep. 513; Effinger v. Ft. Wayne & W. V. Traction Co., 175 Ind. 175, 93 N. E. 855.

In 25 R. C. L. 1227, sec. 95, it is said:

"Though the bell must ordinarily be sounded to give notice of the approach of the car, still if the operator of the car sees that a horse is already frightened by its approach, and that the citizen is in danger, it has been held that it is his duty to cease sounding the bell, and even to stop, if necessary; and, if instead of doing so, he continues to sound the gong or ring the bell, and further frightens the horse, and cause him to run away, the company is liable for injuries inflicted in consequence thereof."

The court was correct about the duty of the motorman under the circumstances indicated; and in the instruction it was left to the jury to determine if such circum-

stances under which the duty was fixed were proven, and if proven, whether there was a breach of the duty and consequent injury to plaintiff.

We have carefully examined the brief of plaintiff in error in connection with the record presented. There is no serious question raised as to the sufficiency of the evidence to support the verdict and judgment. We have carefully examined all the instructions given to the jury, and conclude that the law of the case was properly submitted to the jury. The defendant was not denied any substantial right on the trial; there is no error pointed out requiring a reversal of the judgment appealed from. We therefore recommend that the judgment be affirmed.

In the brief of defendant in error it is moved that in case of an affirmance of the judgment, judgment be entered in this court upon the supersedeas bond of plaintiff in error. An examination of the record discloses that the judgment of the court below was superseded by bond duly executed with L. W. Duncan and H. H. Ogden as sureties thereon, a copy of which bond appears in the record. In consideration of the foregoing affirmance of the judgment of the court below, and of the supersedeas bond given staying the judgment, it is considered, ordered, and adjudged that the defendant in error, Mattie Thompson, do have and recover of and from the said L. W. Duncan and H. H. Ogden, as sureties upon the said bond, the sum of $600, with interest at the rate of 6 per cent per annum from and after the 29th day of October, 1921, the date on which the judgment appealed from was rendered, together with all costs; for which let execution issue in due course, out of this court.

By the Court: It is so ordered.