## SWIFT v. McMURRAY.

No. 17043.   Opinion Filed Sept. 20, 1927.

Rehearing Denied Nov. 13, 1928.

W. C. Hall and Hugh Murphy, for plaintiff in error.

J. S. Arnote, for defendant in error.

JEFFREY, C.  This was an action by defendant in error, J. F. McMurray against plaintiff in error, George M. Swift, in the district court of Pittsburg county, Okla., for the recovery of certain attorney's fees alleged to have been earned pursuant to agreement between the parties.  Defendant in error will be designated as plaintiff, and plaintiff in error will be designated as defendant, as they appeared in the trial court.

The facts so far as will be necessary to present the issues and questions raised by this appeal are as follows:  In 1914 defendant, who was then an attorney, entered into a contract with Saber Jackson, whereby defendant agreed to commence an action in the district court of Creek county for the cancellation of a deed to T. E. Stanley, said deed purporting to convey the inherited interest of Saber Jackson in and to the allotment of Barney Thlocco in Creek county, Okla.  In consideration of said services the said Saber Jackson made an assignment of one-half interest in and to the oil and gas royalties from said land.  Defendant brought the action for the cancellation of said deed, and in 1915, judgment was rendered in said cause canceling the Stanley deed.  At the same time there was pending in the United States District Court, in and for the Eastern District of Oklahoma, a cause entitled United States of America v. Bessie Wildcat et al., No. 2017, in equity, originally brought by the United States of America for the purpose of canceling the Barney Thlocco allotment.  From time to time various claimants intervened in the cause pending in the federal court and prayed for a determination of the heirs of Barney Thlocco.  In 1919 defendant secured another contract from Saber Jackson for the purpose of having canceled other deeds from Saber Jackson to vari-

ous parties covering Jackson's interest in the Barney Thlocco allotment. As a consideration for this service Saber Jackson agreed to give defendant one-half of all recovered, including money and oil royalties. At the same time defendant took a contract for the same percentage to represent and defend the interests of Martha Jackson, who also claimed to be an heir of Barney Thlocco. Defendant intervened for each of the Jacksons, and for himself under the assignment from Saber Jackson of date 1914, in the said cause then pending in the United States District Court for the Eastern District of Oklahoma. On the 9th day of September, 1919, the United States District Court for the Eastern District of Oklahoma rendered its judgment and decree in said cause denying defendant any interest in the Thlocco estate, and holding that his assignment, made by Saber Jackson in 1914, was void for want of approval of the probate court having jurisdiction, but allowed defendant as attorney's fees on a quantum meruit basis for the services performed in canceling the Stanley deed the sum of $3.000. The court further dismissed the intervention on behalf of Saber Jackson, on the ground that he had since conveyed his interest, and allowed him for his equity in the oil royalties the sum of $10,-000. Thereupon defendant perfected an appeal on behalf of Saber Jackson to the Circuit Court of Appeals of the Eighth Circuit, which appeal took the style "Saber Jackson v. Black Panther Oil & Gas. Co." Thereafter, defendant secured the approval of his power of attorney and assignment from Saber Jackson by the proper probate court, and then by permission of court filed a bill of review in equity, cause No. 2017, in the United States District Court, which had not been disposed of prior to February 3, 1923.

In May, 1921, defendant went to Washington. D. C.. where he met plaintiff, who was also an attorney. Plaintiff was temporarily residing in Washington and engaged in the practice before the Court of Claims and the various departments of the government. Before defendant arrived in Washington, stipulations for the settlement of Saber Jackson's and Martha Jackson's claims had been entered into, whereby the two were to be paid approximately $600,000 out of the royalties from the Thlocco allotment as a complete settlement. These stipulations had been filed with the Department of the Interior for approval. Defendant discussed the entire history of the cases with plaintiff and engaged him to assist in securing the Department's approval of the fee contracts between defendant and the Jacksons in 1919, and known as the 1919 contract. There was a

dispute as to what services plaintiff was engaged to perform in connection with the stipulations for settlement of the Jacksons' claim. Defendant contended that plaintiff was instructed to have the stipulations approved, while plaintiff testified that defendant had instructed him to object to the approval of the stipulations for settlement. Plaintiff appeared before the Secretary of the Interior and the Commissioner of the Indian Affairs on numerous occasions in connection with these matters, and he and defendant exchanged letters and telegrams frequently in connection with these matters up until the 3rd day of February, 1923. Plaintiff contended that defendant employed him to assist him before the Department in connection with his fee contract and the stipulations for settlement, and agreed to pay him ten per cent. of all amounts collected by virtue of the 1919 contract with the Jacksons, which employment was evidenced by the following letter:

"The New Willard, Washington, June 8th, 1921.

"Willard's Hotel Company, Frank S. Hight, President.

"Mr. J. F. McMurray, Washington, D. C.

"Dear Sir:

"In re Martha and Saber Jackson Cases, and your employment in same, will say, You are to receive as compensation for your services in the same ten per cent. of the amount that I recovered upon my contracts.

"Yours very truly, (Signed) Geo. M. Swift."

Neither the fee contracts nor the stipulations for settlement were ever approved by the Department, but on thee 3rd day of February, 1923, defendant entered into another stipulation for the settlement with the parties litigant in the Circuit Court of Appeals at St Louis, whereby defendant was paid the sum of $50,000 for himself and associates, and Saber Jackson was paid the sum of $50,000 in place of the $10,000 formerly allowed, and it was further stipulated that the decree of the district court made in 1919 should be in other respects final, which stipulation was approved by the court.

Plaintiff made demand upon defendant for ten per cent. of the $50,000 collected under said settlement, and brought this suit for the recovery of that amount.

Upon trial of the case to a jury a verdict was rendered in favor of plaintiff for the sum of $5,300. Plaintiff immediately filed a remittur for $300, and judgment of the court was rendered accordingly.

It is first urged: "That the court com-

mitted error in overruling the separate demurrer of the defendant, George M. Swift, which was filed in this cause December 5, 1925." This assignment is rather indefinite and uncertain. The record discloses that no demurrer was filed December 5, 1925. There was a demurrer to the petition filed December 5, 1923, but the cause was tried and motion for new trial overruled before December 5, 1925. At the close of plaintiff's evidence defendant demurred to the evidence, and counsel's argument in his brief seems to( be directed to the overruling of this demurrer, on the ground that plaintiff's evidence is insufficient to support the verdict and the judgment of the court. Since some space has been devoted to an argument on this question, the assignment will be treated as going to the sufficiency of plaintiff's evidence. We have examined the evidence and find that there is ample evidence to support the verdict of the jury under proper instructions. In addition to the letter showing the employment of plaintiff and fixing the compensation, there was other competent evidence which tended to support the verdict of the jury. During the Saber Jackson litigation defendant had associated with him, among other counsel, one W. W. Pryor. After defendant received the $50,000 under the settlement, W. W. Pryor filed suit against him in the district court of Hughes county; alleged that he was employed to assist defendant in the prosecution of the claim of Saber Jackson to the Barney Thlocco estate; that said litigation had been terminated by a settlement and that defendant had been paid as attorney's fee the sum of $50,000. To this petition defendant filed an answer, admitting as true all material allegations of said petition. Where the evidence on an issue of fact is conflicting, if there is any competent evidence reasonably tending to support the verdict of the jury, the Supreme Court will not examine the same to determine where the weight lies, and said verdict will not be disturbed on appeal. Sands v. Davis Bradley & Co., 36 Okla. 649, 129 Pac. 732.

It is next contended that the trial court erred in refusing to give the jury four special instructions requested by defendant. These instructions bear upon defendant's theory or defense. All four of these requested instructions are assigned as error under one assignment, and are so briefed. It is the duty of the court to instruct the jury upon any theory or defense where there is any substantial evidence tending to support such a theory or defense, provided a correct instruction is presented to the court in a proper manner for that purpose, but

such instruction must correctly state the law as applicable to the facts in the case. Defendant's requested instruction No. 2 is as follows:

"You are instructed that if you find from a preponderance of the evidence that the contracts mentioned in said memorandum of agreement were the contracts of 1919 with Saber Jackson and Martha Jackson, or their guardians, then you are instructed that the plaintiff would not be entitled to recover against the defendant in this cause unless it is proved by a preponderance of the evidence that the $3,000 and the $50,000 in Liberty Bonds were received by the defendant, Swift, upon and by virtue of said contracts of 1919 above referred to, and unless you further find from a preponderance of the evidence that the plaintiff, McMurray, performed the services which were contemplated by said memorandum of agreement.

"Refused. Exceptions allowed.

"(Signed) Harve L. Melton, Judge."

A casual reading of the above instruction will disclose that it is clearly erroneous. The evidence was undisputed that the $3,000 paid defendant was for his services performed under the assignment long before plaintiff was even approached for the purpose of securing his services in connection with the contracts then pending before the Secretary of the Interior. Under this state of facts it would certainly be erroneous to instruct the jury that before plaintiff could recover any part of the $50,000 paid defendant, they must find by a preponderance of the evidence that both the $3,000 and the $50,000 were received by defendant by virtue of the 1919 contracts. Since requested instruction No. 2 is objectionable and could not be given the jury without modification or omission, the court's refusal to give said instruction does not constitute error. M., O. & G. Railway Co. v. Collins, 37 Okla. 761, 150 Pac. 142; Muskogee Electric Traction Co. v. Thompson, 100 Okla. 169, 228 Pac. 963; Florence v. Russell, 105 Okla. 20, 231 Pac. 301; 3 C. J. 1375, section 1525.

It is also a well-settled principle of law that, where several instructions are requested and refused, and the refusal of all of the requested instructions is presented for review under a single assignment of error, and any one of said instructions be erroneous, no error is presented. Muskogee Electric Traction Co. v. Thompson, 100 Okla. 169, 228 Pac. 963; Florence v. Russell, 105 Okla. 20, 231 Pac. 301; Walters v. Village of Exeter, 87 Neb. 125, 126 N. W. 868; 3 C. J. 1376, section 1525. Since all of defendant's requested instructions are grouped

under one assignment of error and so argued in the brief, and one of said instructions is erroneous, said assignment does not present error to this court, and it will not be necessary to consider any other requested instructions refused by the court.

Defendant next complains that instructions Nos. 1, 2, 3, 4, and 5 given by the court are erroneous, and that the court failed to properly instruct the jury upon the issues formed by the pleadings and evidence. Proper exceptions were noted to each of said instructions, but all of them are grouped under one assignment of error.

There seems to be no special objection to the first two instructions which were given the jury, and we think they are proper in so far as they go. The third instruction is as follows:

"You are instructed, gentlemen of the jury, that under the written memorandum set forth in plaintiff's petition and by virtue of the decree of settlement and the undisputed evidence in this case, that said defendant, George M. Swift, did employ the said J. F. McMurray to render certain services in connection with the contracts heretofore mentioned, and that the said J. F. McMurray was to receive as his compensation for his services ten per cent. of all amounts recovered by virtue of said contract, and you are instructed that by virtue of the agreement of the parties on final settlement of said claims and by virtue of the decree of the United States District Court that said George M. Swift did receive the sum of $53,000 in settlement of the contracts mentioned in the employment of said J. F. McMurray.

"Defendant objects and saves exceptions to instruction No. 3.

"(Signed) Porter & Fuller, Attorneys for Defendant.

"Exception allowed. (Signed) Harve L. Melton, Judge."

In order to properly discuss this instruction it will be necessary to call attention to the pleadings and evidence, and especially the stipulation under which the settlement beween the defendant, Swift, and other parties was made. Defendant by his answer denied that he had been paid anything by reason of his 1919 contracts for fees, and alleged that his bill of review in the original case in the United States District Court for the Eastern District of Oklahoma was still pending; that certain attorneys were associated with him in the prosecution of his individual claim by reason of the assignment from Saber Jackson in 1914; and that the $50,000 was paid him to dismiss his bill of review and claim no further interest in

the land or royalties in litigation. Defendant under this pleading testified to this state of facts, which testimony was permitted to go to the jury. In addition thereto the stipulation for the settlement, which was prepared in the United States Circuit Court of Appeals, was offered and received in evidence. This stipulation is too lengthy to set out in full, but such parts as we think most clearly show the intention of the parties are an follows:

"And, whereas, George M. Swift and associate counsel who have heretofore appeared in this cause as attorneys for the said Saber Jackson and in their individual interests, and who now claim an interest in the subject-matter of this appeal, and in the allotment of Barney Thlocco, and in all rents, royalties and revenues derived therefrom in the hands of the receivers of the District Court of the United States for the Eastern District of Oklahoma in said cause No. 2017 equity, entitled United States of America v. Bessie Wildcat et al.

"Now, it is agreed by and between said George M. Swift for himself, and as trustee for his associates and co-counsel, and all persons claiming by, through and under said George M. Swift, being represented by the said George M. Swift for the purposes herein, as parties of the first part, and the Black Panther Oil & Gas Company, Bay State Oil & Gas Company, James Brazell, J. Coody Johnson, O. O. Owens, and all other appellees herein, as parties of the second part, as follows, to wit:

"First. That the judgment and decree of the District Court of the United States for the Eastern District of Oklahoma in said cause No. 2017, equity, entitled United States of America v. Bessie Wildcat et al., denying intervention of said Saber Jackson and dismissing his petition, may be in all things affirmed with this modification only, to wit:

"That in lieu and stead of the order therein contained directing the payment of the sum of $10,000 to Saber Jackson, there may be substituted an order directing the payment of the sum of $50,000 to W. E. McKinney as guardian of Saber Jackson, an incompetent, out of the net royalties decreed to the Black Panther Oil & Gas Company and the Bay State Oil & Gas Company now in the hands of the receivers in said cause, and directing the payment of the sum of $50,000 to George M. Swift, for himself, and as trustee for his associates aforesaid, the parties of the first part, out of the remaining net royalties decreed to the Black Panther Oil & Gas Company and the Bay State Oil & Gas Company now in the hands of the receivers in said cause.

"In consideration of the agreement of the parties of the second part for the modification of said decree as hereinabove pro-

vided, parties of the first part hereby waive, renounce, release, relinquish and forever quit-claim any and all right, title or interest of whatsoever ·kind or character in and to the northeast quarter of section 9, township 18 north, range 7 east, in Creek county, Okla., commonly known as the Barney Thlocco allotment, and in and to all the monies, property, funds, and royalties now in the hands, or hereafter to come into the hands of the receivers of the United States Court for the Eastern District of Oklahoma, in said cause No. 2017 equity, United States of America v. Bessie Wildcat et al., except the moneys above mentioned to be paid to W. E. McKinney, guardian and the said George M. Swift, for himself, and as trustee aforesaid, and the sum of $3,000 directed to be paid to the said George M. Swift in said decree of September 9, 1919; and re-lease, relinquish and discharge all claims and demands of whatsoever kind and character against the Black Panther Oil & Gas Company and the Bay State Oil & Gas Company et al., appellees herein, or any or either of them.

"In further consideration hereof said parties of the first part agree to dismiss their appeal to the Supreme Court of the United States from the decree of the United States Circuit Court of Appeals for the Eighth Circuit in cause No. 5574, entitled W. E. McKinney, as Guardian of Martha Jackson, an incompetent, Appellant v. Black Panther Oil & Gas Company, et al., Appellees, but without waiving any rights which the parties of the first part may have in or to the funds heretofore paid to or for the use of Martha Jackson; and to dismiss forthwith the bill of review filed by the said George M. Swift on September 6, 1919, in cause No. 2017, equity, United States of America v. Bessie Wildcat et al., pending in the United States District Court for the Eastern District of Oklahoma, and to assist in securing an immediate distribution of the money, properties, funds and royalties in the hands of the receiver of the district court of the United States for the Eastern District of Oklahoma, in cause No. 2017, equity, entitled United States of America v. Bessie Wildcat et al., in accordance with the decree of said District Court as modified and affirmed by the United States Circuit Court of Appeals for the Eighth Circuit."

This settlement and stipulation was approved by decree of the Circuit Court of Appeals and the judgment and decree of the district court was modified accordingly, and the payments provided for in said stipulation and decree were paid out. We are unable to ascertain from the stipulation of settlement with any degree of certainty for what purpose the $50,000 was paid to George M. Swift. It cannot be determined from the agreement above set out how much value was given to the pending bill of review in the district court, and the decree of court approving this agreement throws but little light on the subject. It may be that no special consideration was given it, but it is recited in the agreement and its dismissal could be, at least, one of the considerations for the payment of the $50,000. It will be noted that by instruction No. 3 the court interpreted and construed said agreement, and instructed the jury that the defendant did receive the sum of $53,000 in settlement of the contracts mentioned in the employment of said J. F. McMurray. This was one of the contested issues on which a great deal of parol and written testimony was admitted for the sole purpose of determining whether this sum was paid defendant as attorney's fees under the 1919 contracts, or whether it was paid him for the interest he claimed under the assignment from Saber Jackson in 1914, and to dismiss his bill of review. Plaintiff claimed no fee out of any money received by reason of the assignment of 1914. Written contracts which are unambiguous should usually be interpreted and construed by the court, and should not be submitted to a jury. But as to an ambiguous contract, where its meaning is disputed, evidence of extrinsic facts and circumstances throwing light on the intention of the parties is admissible, and the construction of such a contract then becomes a mixed question of law and fact and should be submitted to a jury for its determination under proper instructions of the court. Kingfisher Mill & Elevator Co. v. Westbrook et al., 79 Okla. 188, 192 Pac. 209; Waldrep v. Exchange State Bank of Keifer, 81 Okla. 162, 197 Pac. 509; Brooks et al. v. J. R. Watkins Medical Co., 81 Okla. 82, 196 Pac. 956; Rider v. Morgan, 31 Okla. 98, 119 Pac. 958.

As to whether the $50,000 was received by defendant by virtue of his 1919 fee contracts was a controverted question of fact which should have been submitted to the jury. It is reversible error for the court, in its instructions, to invade the province of the jury, assume a controverted fact as proven, or treat it as a question of law, and withhold the same from the determination of the jury. Archer v. U. S., 9 Okla. 569, 60 Pac. 268.

It is true that W. W. Pryor, an attorney who was associated with defendant in the prosecution of the Saber Jackson claim against the Thlocco estate, sued defendant for his part of the attorney's fees and alleged in his petition that he had been associated with defendant as counsel for Saber Jackson in the case appealed to the United States Circuit Court of Appeals; that the

defendant had settled said litigation and collected $50,000 as attorney's fee; and that the defendant filed his answer admitting as true all of the material allegations of the petition. Yet we do not think that this evidence, in the face of all the denial and positive testimony in the record, removes the question from the category of controverted questions of fact which should be passed upon by the jury. The defendant having pleaded that he was not paid any sum by reason of his 1919 contract, but was paid for the interest claimed by him under the 1914 assignment, and having offered evidence in support of these allegations, the question of whether the $50,000 was received by virtue of the 1919 contracts was made a decisive issue by the pleadings and evidence, since the stipulation of settlement is ambiguous on this point. It is the duty of the trial court, upon his own motion, to properly instruct the jury upon the decisive issues formed by the pleadings and the evidence, and a failure to do so constitutes reversible error. Oklahoma Producing & Refining Corporation v. Freeman, 88 Okla. 166, 212 Pac. 745; Helsel v. Fletcher, 98 Okla. 285, 225 Pac. 514; Schulte v. Garrett, 99 Okla. 52, 225 Pac. 904; First National Bank v. Cox, 83 Okla. 1, 200 Pac. 238.

By reason of the errors above pointed out, the judgment of the trial court is reversed, and the cause remanded, with instruction to grant a new trial not inconsistent with this opinion.

BENNETT, TEEHEE, REID, and LEACH, Commissioners, concur.