## THURMOND v. CHENAULT.

No. 28828.  Oct. 24, 1939.

Morrill & Snodgrass, of Altus, and Porter H. Newman, of Durant, for plaintiff in error.

L. B. Yates, of Altus, for defendant in error.

GIBSON, J.  Plaintiff below appeals from a judgment of the district court of Jackson county rendered on a verdict for defendants in an action to recover damages for libel.

Defendants admitted publication of the alleged libelous matter, but denied malicious intent; affirmed the truthfulness of the statement and alleged that the same constituted a privileged communication (sec. 727, O. S. 1931, 12 Okla. Stat. Ann. § 1444).

Plaintiff assigns as error the refusal of the trial court to give his requested instruction as follows:

"The truthfulness of the article herein sued upon not having been proved as plead, you are instructed that the plaintiff is entitled to a directed verdict in a sum of not less than $100; you are further instructed that you will return a verdict in favor of the plaintiff and against the defendant in a sum of not less than $100 and such further sum as will reasonably compensate . him for the damages sustained by him if any further damages you find he has suffered."

Ordinarily, the ruling of the trial court with respect to a requested peremptory instruction will, where exceptions to such ruling are properly preserved, require a review of the evidence for the purpose of determining whether the same was sufficient to require submission of the issues to the jury. But, like any other requested instruction, the peremptory instruction submitted and requested by a party must first be fundamentally correct in order to challenge the attention of the trial court. Error does not arise from the refusal of an incorrect instruction. See Muskogee Electric Traction Co. v. Thompson, 100 Okla. 169, 228 P. 963.

We agree with defendants that the above requested instruction was erroneous in form and substance; it was directed at a single and unnamed defendant instead of all defendants, and it failed to limit the extent of plaintiff's recovery though the petition contained allegations of specific monetary damage in excess of the minimum or nominal recovery allowed by statute (sec. 729, O. S. 1931, 12 Okla. Stat, Ann. § 1446). The instructions must limit plaintiff's damages to the allegations thereof in the petition (17 C. J. 1064, § 365); and this rule applies in actions for libel. 37 C. J. 110. An instruction limited to one of several co-defendants, where it could well apply to all, is ambiguous and improper, unless the error is cured by other instructions.

The court did not err in refusing the requested instruction.

The judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and DAVISON and DANNER, JJ., concur.