WENCEL KLIMENT ET AL. V. GEORGE F. CORCORAN, ADMINISTRATOR.

FILED APRIL 21, 1897. No. 7144.

1. **Intoxicating Liquors: DAMAGES: ACTION BY WIDOW: EVIDENCE.** An action by a widow for damage suffered in consequence of the furnishing to her deceased husband of intoxicating liquor cannot be defeated by proof that such liquors were furnished by the defendant, a licensed saloon-keeper, with the knowledge and consent of the plaintiff. (*Gran v. Houston*, 45 Neb., 813.)

2. **Instructions: ASSIGNMENTS OF ERROR.** Where several instructions are grouped in a single assignment of the motion for a new trial, they will be examined so far only as is necessary to determine whether any one of them was rightly given or refused.

3. **Intoxicating Liquors: DAMAGES: ACTION BY WIDOW: EVIDENCE.** In an action for the sale of liquor by the defendant, a licensed saloon-keeper, to the plaintiff's deceased husband, evidence tending to prove that deceased was, in consequence of the wrong alleged, reduced from a prosperous business man to a condition bordering upon imbecility and financial insolvency *held* properly admitted.

ERROR from the district court of Saunders county. Tried below before BATES, J.  *Affirmed.*

The opinion contains a statement of the case.

*Simpson & Sornborger,* for plaintiffs in error:

The wife having procured intoxicating liquors and furnished them to her husband, thus contributing to the injury of which she complained in her petition, should not be permitted to recover in this action.  (*Kearney v. Fitzgerald,* 43 Ia., 580; *Elliott v. Barry,* 34 Hun [N. Y.], 129; *Rosecranz v. Shoemaker,* 60 Mich., 4; *McDonald v. Casey,* 47 N. W. Rep. [Mich.], 1104; *Regret v. Bell,* 77 Ill., 593; *Engleken v. Hilger,* 43 Ia., 563; *Brooks v. Cook,* 38 Am. Rep. [Mich.], 282.)

*Billingsley & Greene,* also for plaintiffs in error.

*Reese & Gilkeson, contra.*

POST, C. J.

This was an action in the district court for Saunders county, wherein the defendant in error's intestate, Amelia Kratky, as the widow of Florian V. Kratky, deceased, sued to recover from the defendants below, Kliment, Widman, and Simodynese, separately engaged as licensed saloon-keepers, the cause of action alleged being the furnishing to the plaintiff's said husband of intoxicating liquors in sufficient quantities to, and which did in fact, cause the latter to become an habitual drunkard.   It is further in substance charged that the said Florian Kratky was, previous to the acts complained of, a healthy,

industrious, and capable man, upon whom the plaintiff was altogether dependent for means of support, and who was engaged in the practice of a profession from which he derived an income of $1,500 per year, but that he was in consequence of the drunkenness so produced unable to transact any business for more than three years last preceding his death, which occurred at the age of forty years, as the result of the defendants' aforesaid wrongful acts, whereby the plaintiff was deprived of her means of support to her damage, etc. There was a verdict and judgment for the plaintiff in the sum of $2,000, and from which the defendants prosecute error to this court.

Evidence was introduced tending to prove that the plaintiff below, during the period of such alleged disqualification, contributed to the intoxication of the deceased by procuring for him liquor at his request, and that she, on one or more occasions, drank liquor with him in public. Upon the evidence thus adduced the court was requested to charge that contribution by the plaintiff to her own injury, in the manner indicated, would constitute a complete defense to the cause of action alleged by her, and the refusal to so charge is now assigned as error. Counsel, in their discussion of the question thus presented, review at considerable length the cases from other states, which, it must be confessed, apparently lend support to the proposition contended for. But whatever view we might feel constrained to adopt of the subject as an original proposition, the question is certainly not now an open one in this jurisdiction. In *Buckmaster v. McElroy*, 20 Neb., 557, the voluntary purchaser of intoxicating liquor was held to be within the protection of the statute providing that "the person so licensed shall pay all damages that the community or individuals may sustain in consequence of such traffic," etc. The doctrine of that case was reasserted in *Curtin v. Atkinson*, 36 Neb., 110; and in *Gran v. Houston*, 45 Neb., 813, was applied to a state of facts in all essential respects identical with those here presented. It follows that the instruction was rightly refused.

Kliment v. Corcoran.

The next exception to which our attention is directed relates to the giving of instruction No. 2 at the request of the plaintiff below. But the only reference to that instruction in the motion for a new trial is found in the following assignment: "The court erred in giving instructions numbered 1, 2, 3, 4, 5, and 6 on the motion of the plaintiff." Where several instructions are grouped in the same assignment of the motion for a new trial or petition in error, they will, in accordance with the oft-asserted rule of this court, be examined so far only as to determine whether any one of them was rightly given or rightly refused, as the case may be. It is not pretended that the court erred in giving each of the paragraphs above mentioned, while, on the other hand, those numbered 1, 3, 4, and 5, it must be conceded, accurately state the law of the case. The assignment does not, therefore, present for determination the soundness of the instruction relied upon for a reversal of the judgment.

Exception was also taken to the ruling of the district court in permitting plaintiff below to prove the value of the family homestead and amount of incumbrance thereon at the time of the death of her said husband. There is no error in the ruling assigned. The evidence to which the exception applies was supplementary, merely, of facts elicted by defendants to prove the amount and value of Kratky's estate as bearing upon the question distinctly presented by the pleading, whether the plaintiff had in fact been injured in her means of support in consequence of the wrongs alleged by her. Moreover, the theory upon which the cause was prosecuted by the plaintiff was that the deceased had been, within the period named, through the acts of defendants, reduced from a prosperous business man of good credit to a condition bordering on imbecility and financial insolvency. The evidence in question was in that view of the record certainly not irrelevant to the issues, and its admission affords no ground of complaint.

JUDGMENT AFFIRMED.