MATILDA STRUBBLE, APPELLEE, V. VILLAGE OF DEWITT, APPELLANT.

FILED APRIL 23, 1908. No. 15,098.

1. **Cities: SIDEWALKS: LIABILITY.** A city or village is not required to have its sidewalks so constructed and kept in repair as to secure absolute immunity to persons using them; nor is it bound to employ the utmost care and exertion to that end. Its duty under the law is only to use reasonable diligence to keep its sidewalks in a reasonably safe condition for the use of persons passing over them, exercising ordinary care and caution.

2. **Trial: INSTRUCTIONS.** When instructions are asked by either party to a suit, which correctly state the law upon the issues presented by the pleadings and the evidence received during the trial, it is error to refuse them, unless the points are fairly covered by other instructions given by the court on its own motion.

APPEAL from the district court for Saline county: LESLIE G. HURD, JUDGE. *Reversed.*

*B. V. Kohout* and *R. D. Brown,* for appellant.

*Bartos & Bartos* and *Hall, Woods & Pound, contra.*

FAWCETT, C.

Defendant brought her action in the district court for Saline county, Nebraska, to recover for personal injuries alleged to have been sustained by her on the 8th day of September, 1903, from a fall on an alleged defective side-

walk in the defendant village. The jury returned a verdict in favor of the plaintiff for $300. A motion for a new trial was overruled and judgment entered on the verdict, from which judgment this appeal is prosecuted. As the case must be reversed for errors in the instructions, we will not consider the other questions discussed.

The defendant tendered three instructions, which were all refused by the court. As instruction No. 1 is, in our judgment, fully covered by instruction No. 2, given by the court, it need not be set out in full. Instructions 2 and 3, requested by defendant, were as follows: "(2) The defendant is not required to have the sidewalk so constructed as to secure absolute immunity in using them, nor is it bound to employ the utmost care and exertion to that end. Its duty under the law is only to see that its sidewalks are reasonably safe for persons exercising ordinary care and caution. (3) The burden of proving negligence rests upon the party alleging it, and, where a party charges negligence on the part of another as a cause of action, she must prove the negligence by a preponderance of evidence; and in this case, if the jury find that the weight of evidence is in favor of the defendant, or that it is equally balanced, then the plaintiff cannot recover, and the jury should find the issues for the defendant." The court refused both instructions. No contention is made by plaintiff's counsel that these two instructions do not correctly state the law. They rest upon the statement in their brief that the instructions requested by defendant "were fully covered by instructions numbered 2, 3, 4, and 6 given by the court on its own motion." An examination of the four instructions referred to will show that they do not even attempt to instruct the jury upon the points requested. The two instructions requested by defendant correctly stated the law, were in point, and should have been given. *City of Lincoln v. Gillilan,* 18 Neb. 114; *City of York v. Spellman,* 19 Neb. 357, 384; *City of Lincoln v. Smith,* 28 Neb. 762, 781. If the court regarded them as defective in form, it should have treated them as requests

Strubble v. Village of DeWitt.

for instructions on the points designated, and have properly instructed the jury upon the points requested.

In instruction No. 2, given by the court on its own motion, the jury were told: "In order to recover the plaintiff must establish by a fair preponderance of the evidence that the walk described in the petition was at the time complained of in a defective condition, and by reason of the defects unsafe for persons to pass over, using ordinary care and prudence; that in passing over this walk the plaintiff, while using ordinary care and prudence, and by reason of the defect in the walk, fell and sustained the injuries, or some of them, complained of in her petition; that the defective and dangerous condition of the walk was known to the village through the knowledge of some of its officers, members of the town board, or street commissioner, or that the defective and dangerous condition of the walk had existed for such time that the officers should, in the performance of their duty, have known thereof, which is not any fixed or definite time established by law, but such time as you find as reasonable men, under the evidence and circumstances of the case, would raise a reasonable presumption that they would have known it; that the unsafe condition of the sidewalk upon which the plaintiff fell and received her injuries was the result of the negligence of the officers of the defendant village in failing to repair the same, or see that it was kept in such repair as to be safe for foot passengers." This instruction is complained of by defendant, and justly so. The closing paragraph of the instruction tells the jury that it was the duty of the officers of the defendant to repair the sidewalk, or see that it was kept in such repair as to be safe for foot passengers. This was requiring more than the law demands. All that the officers of the defendant were required to do was to use reasonable diligence to keep the walk in a reasonably safe condition for use by persons passing over it, using ordinary care and prudence. To require them to see that "it was kept in such repair as to be

safe" would be to make the village an insurer of the safety of persons passing over its sidewalks.

For the errors above indicated, we recommend that the judgment of the district court be reversed.

CALKINS and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

REVERSED.