CLYDE WALTERS, APPELLANT, V. VILLAGE OF EXETER, APPELLEE.

FILED JUNE 10, 1910. No. 16,059.

1. **Villages:** CARE OF STREETS. A village is not required by law to keep its streets in an absolutely safe condition for public use, but only to employ reasonable diligence to keep them in a reasonably safe condition for the use of persons passing over them in the exercise of ordinary care and caution.

2. **Appeal:** INSTRUCTIONS: REVIEW. Instructions will not be reviewed in this court if not excepted to in the district court by the complaining party.

3. **Trial:** NEGLIGENCE: QUESTION FOR JURY. Where different minds may reasonably draw diverse inferences from the same state of facts as to whether they do or do not establish negligence or contributory negligence, those questions, if material, should be submitted to the jury.

4. **Appeal:** VERDICT: CONFLICTING EVIDENCE. And when the jury, upon conflicting evidence and instructions not excepted to by the losing party, has found that the defendant was not guilty of negligence, this court will not ordinarily reverse that finding.

5. ———: JOINT ASSIGNMENT OF ERRORS. Where the refusal to give several instructions is made the subject of a joint assignment in the motion for a new trial, those instructions will be examined only so far as may be necessary to determine whether one of them was properly refused.

APPEAL from the district court for Fillmore county: LESLIE G. HURD, JUDGE. *Affirmed.*

*F. B. Donisthorpe,* for appellant.

*Charles H. Sloan, Frank W. Sloan* and *J. J. Burke,* contra.

ROOT, J.

This is an action for personal injuries caused, as alleged, by the defendant's negligence. The defendant prevailed, and the plaintiff appeals.

The proof shows that the defendant in constructing its streets created a basin about 15 feet wide and 20 feet in length along the outer edge of a sidewalk near the intersection of two streets. The evidence is conflicting concerning the depth of this sag. One witness testifies that it was 16 inches in depth near the center of the tract, whereas other witnesses swore it was not more than 4 or 6 inches deep. There is testimony tending to show that a culvert, constructed so as to furnish an outlet for surface water that might accumulate in this depression, was out of repair and filled with dirt and debris, but there is testimony to the effect that the culvert never furnished a way for such waters. At the time of the accident the water in the sag was frozen and the ice was covered with snow. The plaintiff drove his horse onto the pond, and the animal slipped and fell. The plaintiff, in alighting to protect himself and to assist his horse, fractured a bone in a lower limb. A preponderance of the evidence tends to prove that the plaintiff slipped upon the ice and in some manner fractured the injured bone, but there is some evidence to the effect that a laprobe or the lines interfered with the free movement of his lower limbs as he attempted to get out of the buggy, so that he fell from the vehicle. At the time of the accident the ground was covered with ice and snow, the result of a sleet storm followed by snow. The court instructed the jury that the

defendant was charged with the duty of keeping its streets and walks "in a reasonable state of repair and in such condition as not to endanger the safety of people exercising ordinary care and prudence when using them as foot-passengers or in passing over them in vehicles; and, if the village by its officers negligently fails to do this, then the village is responsible in damages for any injury resulting to a person lawfully using the streets, resulting from such defective condition, unless the injury may be directly attributed to the negligence of the party so injured; bearing in mind, in this connection, that the sidewalks are specially provided for foot passengers and the wagon road for vehicles." The court further charged that if the jury found from all of the evidence that the village authorities knew or ought to have known that the ice at the point where the plaintiff was injured might cause a person using the way to fall and injure himself, and by the exercise of ordinary care and prudence those officials could have remedied that condition, the defendant was liable if the plaintiff without fault or negligence on his part was injured by reason of such defect, but that the defendant was not required to keep the roadway as safe as its sidewalks for the use of pedestrains. The plaintiff took no exception to any part of the court's charge, and for the purposes of this case it must be taken as a correct statement of the law; it was binding upon the jurors, and should be respected upon appeal. *Boyesen v. Heidelbrecht,* 56 Neb. 570; *Larsen v. Sanzieri,* 83 Neb. 384.

The plaintiff insists that the verdict is not supported by the evidence. Negligence is but an inference to be deduced from primary facts. Under the charge of the court it was the jury's duty to determine and find whether the failure of the village trustees to drain a little pool of water extending between the sidewalk and the center of the street, or their failure to erect barriers or give other warning of the ice beneath its mantle of snow, was negligence and the proximate cause of the plaintiff's injury. We must presume the verdict reflects the judgment of the

jurors, and that they answered those questions in the negative. We are satisfied, after carefully considering the testimony, that there is ample support in the record for that verdict.

Error is predicated upon the court's refusal to give certain instructions requested by the plaintiff. In the motion for a new trial the assignment concerning these instructions is *en masse,* and under a well-established rule of practice, if any instruction requested was properly refused, the assignment should be overruled. *Kliment v. Corcoran,* 51 Neb. 142; *Atwood v. Marshall,* 52 Neb. 173; *Morsch v. Besack,* 52 Neb. 502. See, also, cases referred to in 2 Page, Nebraska Digest, p. 1574.

The third instruction requested is based upon the proposition that the defendant is charged with the duty of keeping its streets in a safe condition for travel. Too high a degree of diligence on the part of the defendant is required thereby. The law holds the defendant to an exercise of reasonable diligence to keep its streets in a reasonably safe condition for travel by persons using ordinary care and caution. *Strubble v. Village of De Witt,* 81 Neb. 504. It follows that the court did not err in overruling this assignment in the motion for a new trial.

Finally, it may fairly be said that the plaintiff has no just cause for complaint; the court was liberal in permitting the introduction of practically all of the testimony proffered by him, and the instructions are as favorable to the plaintiff as the facts will justify.

The judgment of the district court, therefore, is

AFFIRMED.