CECIL E. HASHBERGER, APPELLANT, V. CITY OF SCHUYLER, APPELLEE.

FILED JUNE 1, 1927.   NO. 25850.

1. **Appeal: HARMLESS ERROR.**  Where a verdict for a defendant in a personal injury action was the only one warranted by the evidence, error, if any, in the court's instructions to the jury will not avail the plaintiff as a ground for reversal, since they could not have been prejudicial to him.

2. **Evidence** examined, and *held* insufficient to show any actionable negligence on the part of defendant. ·

APPEAL from the district court for Colfax county: FREDERICK W. BUTTON, JUDGE.   *Affirmed.*

*George W. Wertz,* for appellant.

*B. F. Farrell* and *Wallace S. Porth, contra.*

Heard before GOSS, C. J., ROSE, DAY, GOOD, THOMPSON and EBERLY, JJ.

GOOD, J.

This is an action to recover damages for personal injuries, alleged to have been sustained by plaintiff in consequence of the negligence of defendant in failing to keep a manhole properly and safely covered.   Defendant denied

negligence.    Trial resulted in a verdict and judgment for
defendant.    Plaintiff appeals.

The negligence complained of is that defendant main-
tained a manhole in the sidewalk and covered the same by
placing thereover a circular, metal plate, which was loosely
and negligently placed, was not clamped or fastened down,
and was so light in weight and so negligently placed that
a slight force of any kind could move it to one side and
leave the cover in such a position that it might be easily
turned or tilted by a person stepping thereon; that in the
condition in which it was maintained it was a menace to
pedestrians going across or near the manhole, and that
such condition was well known to the officers of the de-
fendant city.

The errors alleged relate to instructions given and re-
fused, and in the overruling of the motion for a new trial.
The defendant contends that under the evidence no other
verdict than one for defendant could have been rendered,
and that, therefore, any errors that may have been com-
mitted by the trial court in the giving or refusing of in-
structions were not prejudicial to the plaintiff.

In view of the contention made by defendant, we have
examined all the evidence introduced.    The record discloses
that at one of the principal corners of the business center
of defendant city, where the sidewalk is about twelve feet
wide, the city maintained a manhole about three feet from
the outer edge of the sidewalk, and between this manhole
and the outer edge was a drinking fountain.    The manhole
was constructed and used for the purpose of giving access
to the water pipes leading to the drinking fountain.    The
opening into the manhole was about 18 inches in diameter,
and this opening was cemented and therein was placed an
iron band.    This opening and band were either flush with
or slightly elevated above the sidewalk.    The manhole was
covered by an iron lid, weighing 25 pounds.    On the under-
side of this lid or cover and about three-fourths of an inch
from the outer edge was a circular rim, extending down-

ward from three-eighths to one-half of an inch from the underside of the cover. This rim fitted snugly into the iron band in the top of the opening of the manhole. The outer edge of the lid or cover formed a flange, about three-fourths of an inch wide, which rested on the cement in which the iron band was embedded. The record further discloses that the cover was such as is used as an ordinary cistern cover; that it had been in use for a great many years in the particular location; that it was such as was generally used in like situations. It is not shown that during its many years of use any one had ever suffered any injury on account thereof, or that it had ever become displaced, or that it could be easily displaced by one walking over or stumbling against it. It is shown that, when properly in place, it would be difficult for a person to move or disturb the cover by striking it with his foot or stumbling against it. There is no evidence that prior to plaintiff's injury, any person ever saw the cover displaced or that any one had ever stumbled over or moved it by kicking or striking against it.

On the evening of August 1, 1921, plaintiff and one Doctor Fisher were approaching the drinking fountain, when plaintiff stepped upon the cover of the manhole and it immediately tipped or tilted, and he fell astride of the tilted cover and received serious injuries. Plaintiff, himself, testified frankly that he did not know how the accident occurred. He only knew that for some reason the cover tilted and he fell astride of it. Doctor Fisher, the only other eye-witness, testified that when plaintiff stepped upon the cover it tilted edgewise and plaintiff was precipitated into the manhole, astride of the cover.

It seems evident that some one had moved the manhole cover from its proper position and had left it slightly to one side of where it properly belonged, so that one edge of the cover, instead of resting on the cement forming the top of the manhole, was resting over the edge of the hole, and plaintiff stepping thereon caused the lid to tilt. There is no evidence that this condition of the cover had existed for any considerable length of time, or that the cover was

placed in this improper position by any officer, agent or servant of the city. There is no evidence that any officer, agent or servant of the city knew of such condition, and evidence on behalf of the city tends to show that one of its officers or agents had been in the vicinity of the manhole within an hour of the accident, and that the cover was then in place. There is evidence in the record tending to show that there is another type of manhole cover which has a locking device, so that, when the cover is placed in position and turned, hooks which are on the underside of the cover extend under lugs in the band, and the cover is thereby locked. But the evidence shows that this locking type of cover has only recently come into use and was not generally used at the time of the accident, and that at that time the type of cover used was the one generally approved and in use in cities for the covering of manholes. Negligence cannot be predicated on the use of such a cover. That the manhole cover had been moved by some person a short time before plaintiff stepped thereon may be stated with reasonable certainty; but, since the defendant had no knowledge of such fact and it is not shown that whoever moved the cover did so at the direction or by permission of any city official or employee, it cannot be said that any negligence has been shown that would render the defendant liable.

Since no negligence on the part of defendant was proved, no verdict, other than the one rendered, would be supported by the evidence. In this view of the case, it is immaterial what instructions were given by the trial court, and we will not examine them to ascertain whether or not they correctly state the law. Under the facts as shown by the record, the trial court would have been justified in directing a verdict for the defendant, and doubtless would have done so, had a request therefor been made.

From what has been said, it follows that the judgment of the district court is right and is

AFFIRMED.