MILDRED V. GATES, APPELLEE, V. CITY OF NORTH PLATTE, APPELLANT.

FILED APRIL 20, 1934. No. 28886.

*James T. Keefe,* for appellant.

*C. S. Beck* and *E. H. Evans, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LANDIS, District Judge.

LANDIS, District Judge.·

Mildred V. Gates stepped upon a water-meter box cover in the parkway strip· between the sidewalk and the curb at 800 South Dewey street in the city of North Platte, and, as a result of the accident, sustained injuries for which she was awarded $300 damages in an action brought against the city in the district court for Lincoln county. The purpose of this proceeding is to secure a reversal of plaintiff's judgment.

It is claimed that the court erred in giving certain instructions, and in refusing others requested by the defendant city. The instructions given were grouped in one assignment, and those refused were grouped in another assignment in the motion for new trial; hence, the instructions will not be reviewed, as all of them given were not erroneous, and at least one of defendant city's requests was rightfully refused. *Home Fire Ins. Co. v.*

*Phelps*, 51 Neb. 623; *Walters v. Village of Exeter*, 87 Neb. 125.

The serious question in this case is the sufficiency of the evidence to sustain the verdict, which was raised in the motion for new trial, and is properly before us.

Plaintiff's petition sets out her claim of negligence upon which issue was joined as:

"4. That it is the duty of the defendant to provide adequate manhole covers and to exercise reasonable care and diligence to the end that said manhole covers will sustain such weight as could reasonably be expected to come upon them and that the said defendant is guilty of negligence in that the said defendant maintained said manhole cover above described in a defective condition, and that as a result thereof plaintiff was injured.

"4½. That the defendant for a long time well knew that the tile covering over said manhole was of a fragile nature, easily broken and unsafe for pedestrians, but notwithstanding such knowledge, the defendant wrongfully, carelessly and with gross and extreme negligence and indifference, and with total disregard for the public safety, did keep and maintain said tile as a covering for such manhole and excavation, and said defendant well knowing of the existence of said manhole and its dangerous covering and condition did further carelessly and with gross and extreme negligence and total indifference to the safety of the public fail, neglect and refuse to place any guard-rail, obstruction or hindrance about such manhole and did further neglect, fail and refuse to cover said manhole with a material or substance of sufficient strength to sustain the weight of any person who might step thereon."

The record fails to show that the defendant city maintained the manhole cover in a defective condition; that the cover was of fragile nature, easily broken and unsafe for pedestrians; that it was dangerous or of a material or substance of insufficient strength to sustain the weight reasonably expected to come upon it, or that it was of

unsuitable construction, or that there was an absence of a guard-rail.

Upon the other hand, the evidence shows the manhole cover was of suitable construction, not of a fragile nature; that the city read the meters every three months, at which time the manhole covers were inspected; that the manhole cover in question was inspected on March 21, 1931, two days before the plaintiff's accident, and found without flaws; that plaintiff passed this manhole cover many times and never noticed anything wrong about it; that there was never any actual or constructive notice to the city of any defect in the cover.

A city is required to take cognizance of the fact that pedestrians have occasion to walk over the parking strip along a street, and although the pedestrian must expect to find such fixed objects as electric light poles, fire hydrants and meter boxes, and must be contented with a grassy surface instead of a smooth walk, the city must exercise due care to have such area in a reasonably safe condition. Annotation, 59 A. L. R. 387.

Also, a municipal corporation is not an insurer against all injury which may result from obstructions or defects in its parkways. In the absence of actual notice, it is not ordinarily liable for failing to discover the existence of a defect in a manhole cover which had been properly constructed, regularly inspected and was apparently safe and secure. *City of Lincoln v. Pirner,* 59 Neb. 634; *City of Omaha v. Kochem,* 74 Neb. 718; *Walters v. Village of Exeter,* 87 Neb. 125; *Strubble v. Village of DeWitt,* 81 Neb. 504; annotation, 20 L. R. A. n. s. 513; annotation, 59 A. L. R. 387; *Hashberger v. City of Schuyler,* 115 Neb. 639.

The injury sustained, according to the evidence, was not caused by any direct or positive act of the city or its servants, nor was it the result of negligence in original construction; but, so far as we are advised by the record, it was the result of natural conditions, the probability of which was as well known to plaintiff at the

time she stepped on the meter cover as it was to the city. There is no evidence that the city had express notice of any defect, or that there was such, so notorious as to be evident to all persons passing.

The ground of recovery against the city here is an act of commission or omission and it is necessary for the plaintiff to prove negligence on the part of the city. Negligence is an inference to be deduced from primary facts. It is not enough that an accident has happened, but it must be shown that the municipality was in fact guilty of negligence.

Hence, if the injury was not caused by any direct act or omission of the municipality and which was not the result of negligence in any respect according to the evidence, then the verdict cannot be sustained under such conditions.

REVERSED.