BERTHA J. LEONARD, ADMINISTRATRIX, APPELLANT, V. ROBERT S. TRIMBLE, APPELLEE.

274 N. W. 593

FILED JULY 22, 1937. No. 30025.

*Frost, Hammes & Nimtz,* for appellant.

*Swarr, May & Royce, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

EBERLY, J.

This is an action to recover damages for the death of plaintiff's decedent, her husband. As administratrix, it is alleged substantially in her petition that on January 12, 1935, at about 6:00 p. m., while plaintiff's decedent was walking west on the north side of Harney street, a public highway in the business district of the city of Omaha, Nebraska, and was proceeding across Tenth street on the regular pedestrian crossing where said street intersects said Harney street, he was negligently and carelessly struck down on the pavement in the regular pedestrian crossing by a Buick automobile owned and driven by defendant, who was proceeding north in a negligent and careless manner on Tenth street, a public highway in the business district of said city, and that the impact was so great that deceased was violently and with great force knocked down to the pavement, his skull fractured, and was immediately rendered unconscious and lifeless, from which injuries caused by the negligence and carelessness of defendant, said deceased died on January 16, 1935, and damages claimed caused thereby are set forth. Eleven specific allegations of negligence are pleaded. In his answer defendant traverses the specific allegations of plaintiff's petition; alleges that the injuries received by Edward A. Leonard were either the result of unknown causes or were caused solely and proximately by the carelessness, recklessness and contributory negligence of the deceased; and denies generally the allegations in plaintiff's petition contained. To this answer a reply was filed, which, in effect, put in issue the new matter set forth in the answer. There was a trial to a jury, at the conclusion of which the district court sustained defendant's motion to discharge the jury and dismiss plaintiff's action. From the trial court's order overruling her motion for a new trial, plaintiff, the administratrix, appeals.

The sole question presented on appeal is the sufficiency of the evidence to sustain the judgment of dismissal thus entered.

The place where the injuries were received by plaintiff's decedent was near the junction of Tenth and Harney streets. These streets are 100 feet in width, measured from property line to property line, and the paving on each measures 60 feet in width from curb to curb. On Tenth street in this vicinity, extending from north to south and over and across this intersection, are two street-car tracks. The distance from the east rail of the east track to the east curb line of Tenth street is 22½ feet. As to the lights at the intersection of Tenth and Harney streets, at this time, an officer of the underground and street lighting department of the Nebraska Power Company, testifies, viz.: "Telephone pole on each corner; I mean the northeast corner and the southwest corner of our twin units, two lights per pole, four hundred candle power lamps, twenty ampere, making a total of sixteen hundred candle power, twenty ampere, at the intersection." Indeed, the opinion of this witness was that the intersection was so well lighted that a man could see to read a well-printed newspaper if he was close under either of these lamps.

It appears that plaintiff had caused the deposition of defendant to be taken. It was sought by her to introduce certain parts of it. However, upon cross-examination it appeared that other statements were made by defendant in the taking of this deposition, which wholly negatived the inferences sought to be established by plaintiff. In such case it is obvious that the deposition was an entirety, and that the statements thereof must be so considered in that light.

The rule is: "Every admission upon which a party relies is to be taken as an entirety of the fact which makes for his side, with the qualifications which limit, modify, or destroy its effect on the other side." 3 Jones, Commentaries on Evidence (2d ed.) 1957.

"When, therefore, the agent and officers of an insurance

company stated to the agent of a party claiming upon a policy of insurance that the preliminary proofs presented were sufficient as to the death of the insured, but that they showed the insured had committed suicide, the whole admission must be taken together. If sufficient to establish the fact of the death of the insured, it was also sufficient to show the manner of his death." *Insurance Co. v. Newton*, 22 Wall. (U. S.) 32.

The fact that an admission was made in a deposition duly taken does not make it conclusive upon the admitting party, and "its admissibility and weight are to be determined upon the same considerations as though the statement had been made extra-judicially, except for such weight as may fairly be attributed to the solemnity of the occasion." 3 Jones, Commentaries on Evidence (2d ed.) 1854.

"We are next to consider the effect of admissions, when proved. And here it is first to be observed, that the *whole admission is to be taken together;* for though some part of it may contain matter favorable to the party, and the object is only to ascertain that which he had conceded against himself, for it is to this only that the reason for admitting his own declarations applies, namely, the great probability that they. are true; yet, unless the whole is received and considered, the true meaning and import of the part, which is good evidence against him, cannot be ascertained." 1 Greenleaf, Evidence (13th ed.) sec. 201.

Applying the foregoing principles to the record before us, the following facts are definitely established, viz.: The night of the accident, January 12, 1935, at about 6 o'clock p. m. was foggy and murky, a dark, drizzly evening after an afternoon of wet weather, and there was still mist in the air. At this time the defendant, accompanied by another person, was driving north in a Buick roadster which was in good condition; the brakes were in good condition; and the lights were burning. They were approaching the intersection at Tenth and Harney streets. The automobile lights alone would light up this area. Defendant and his

companion were observing. No one was seen in the intersection. The automobile was traveling ten, twelve, fifteen, or maybe seventeen miles an hour. The testimony of defendant, in part, is as follows:

"Q. If there had been some one in the intersection, would you have seen them? A. I certainly would. Q. Did you see any one on the cross walk on the corner of the Crane building, outside of the intersection? A. I did not. Q. If there had been any one standing there, you would have seen them? A. I would."

It also appears that defendant had good vision through the wind shield, and, though constantly observing, saw nothing. The testimony is also that there was no sound of impact in front of the car. But, just after crossing the intersection, the occupants of this Buick car were conscious of a noise similar to a tire dropping off the rear of the car, or a bump. This noise came from the rear on the right-hand side of the car. As to this evidence the defendant is fully corroborated by the party who was with him. The car was then stopped; the occupants of the car stopped it, opened the doors and looked back, and saw the deceased lying in the street, his head in a northeast direction and his feet some eight feet west of the east rail of the east street-car track. It was plain that he had received the injuries, from the effects of which he died. There is no testimony in the record which contradicts these facts thus testified to by defendant and his guest, or tends to render their existence questionable. They returned to the injured man, secured assistance, placed him in their car, and drove to a police station some four blocks distant. Here the accident was reported. Soon thereafter defendant's car was placed on the wash rack, and under electric lights a thorough examination was made by the police, which disclosed no evidence of collision or impact on the front parts thereof, but did disclose evidence of a mark as if brushed by an object from front to rear on the right rear fender.

In this connection, the doctor who performed the autopsy on the body of deceased testifies, in part, as follows:

"Q. Were there any marks on the man's body below his shoulders which would indicate that he had been struck by any object? A. No, sir. Q. No black and blue marks around his hips? A. No, sir. Q. Or above his hips, and his ankles? A. No, sir."

Thus, neither the automobile of defendant, the body of the deceased, the actual testimony of eyewitnesses of the progress of the car through the intersection, nor the surrounding circumstances tended in any manner to support the theory of plaintiff. We have carefully considered evidence in the record that the defendant stated, at certain times, in effect, that he had hit the deceased. In connection with the denials made, and the surrounding circumstances established by the record, including a total absence of explanation as to how the impact was occasioned, we are convinced that these statements would be wholly insufficient to sustain a judgment, even had one been entered. It would serve no purpose to further extend this opinion by lengthy quotations of testimony.

Facts constituting negligence must be established by proof and not left to inference. *Thompson v. Young Men's Christian Ass'n,* 122 Neb. 843, 241 N. W. 565. See, also, *Mischnick v. Iowa-Nebraska Light & Power Co.,* 125 Neb. 598, 251 N. W. 258; *Gates v. City of North Platte,* 126 Neb. 785, 254 N. W. 418.

In short, the action of the trial court in discharging the jury and dismissing plaintiff's action was fully justified and sustained by the proof in the record.

Therefore, the judgment entered is correct, and it is

AFFIRMED.

ROSE, J., dissents.