SOPHIA E. HUPFER, APPELLEE, v. CITY OF NORTH PLATTE, APPELLANT.

279 N. W. 168

FILED APRIL 21, 1938.   No. 30169.

*William D. Deakins, Jr.,* for appellant.

*Beeler, Crosby & Baskins* and *Robert B. Crosby, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE, CARTER and MESSMORE, JJ., and YEAGER, District Judge.

YEAGER, District Judge.

This is an action instituted by Sophia E. Hupfer, plaintiff and appellee, against the city of North Platte, Nebraska, defendant and appellant, the object and purpose of which is to recover damages for personal injuries resulting from a fall by appellee upon one of the public sidewalks maintained by appellant in the city of North Platte.

On the 21st day of July, 1936, the appellee was walking upon the sidewalk in question, and looking at a parade which was passing along and was paying no attention to the place where she was walking and did not look at the sidewalk, when she fell. After having fallen, appellee looked and saw that a block of the walk was, as she says in one place in her testimony, sunken about four or five to eight inches in different directions, and, in another, "about three inches, two or three inches." Other witnesses estimate the depression from two to five inches.

On trial of the case in the district court a verdict was rendered in favor of appellee for $97, upon which judgment was rendered for $97 and costs. From this judgment the appellant has appealed the case to this court and seeks a reversal of the judgment of the district court.

Many errors are set forth as grounds for reversal, but we find it necessary only to direct our attention to a few of them.

A municipal corporation is not an insurer of the safety of travelers along its streets and highways and is required to employ only reasonable diligence to keep its sidewalks in a reasonably safe condition for the use of persons passing over them in the exercise of ordinary care and caution. *Gates v. City of North Platte,* 126 Neb. 785, 254 N. W. 418; *Walters v. Village of Exeter,* 87 Neb. 125, 126 N. W. 868; *Strubble v. Village of DeWitt,* 81 Neb. 504, 116 N. W. 154. Along with this rule is a reciprocal one which exacts observance by persons using the highways and sidewalks of a municipal corporation. This rule requires that persons using the sidewalks of a city shall in such use exercise ordinary care and caution for their own safety. *Walters*

*v. Village of Exeter,* 87 Neb. 125, 126 N. W. 868; *Strubble v. Village of DeWitt,* 81 Neb. 504, 116 N. W. 154. In 43 C. J. 1078, the following rule is laid down: "In exercising reasonable care and diligence a person using a street or public highway has the right, in the absence of knowledge to the contrary, to act on the assumption that the sidewalk or roadway, throughout its entire width, or so much of it as is intended for travel, is in a reasonably or ordinarily safe condition; and he is not required as a matter of law to be on the lookout for defects or obstructions therein."

In the light of these rules, did the defendant keep the sidewalk in a reasonably safe condition for the use of persons passing over them in the exercise of ordinary care and caution? Ordinary care and caution required the plaintiff to take some note of her own surroundings. In this case, though it was broad daylight; she walked along with eyes averted and without any effort to observe the sidewalk over which she was passing or its condition. This would seem to be a failure to exercise the ordinary care and caution enjoined upon her by law and a proper regard for her own safety.

However that be, it seems apparent that the evidence fails to show that the condition complained of was one such as would fix a liability on the defendant for failure to keep its sidewalks in a reasonably safe condition for the use of persons passing over them. The evidence as to the character of the condition complained of is very indefinite. No measurements as to the depth of the depression were testified to nor is there any satisfactory evidence as to the length or width of the depressed portion of the walk. The plaintiff in her first estimate placed the depth at eight inches, but immediately thereafter changed her estimate to from two to three inches. Other witnesses give an estimate of from two to five inches. 43 C. J. 1014, lays down the rule: "Holes, ruts, or depressions in the street or sidewalk may give rise to a right of action for injuries caused thereby if they are of such a nature that danger therefrom might reasonably be anticipated. But slight holes or de-

pressions which are not in the nature of traps, and from which danger could not reasonably be anticipated, are not defects for which an action will lie." This rule in general has been approved in *City of Lincoln v. Staley*, 32 Neb. 63, 48 N. W. 887.

In the light of the evidence, we fail to perceive that danger to plaintiff could have been reasonably anticipated from the defect complained of, if she had been exercising reasonable care and diligence for her own safety. Likewise we fail to recognize in the condition described anything partaking of the nature of a trap.

It is therefore our conclusion that the plaintiff cannot recover and that the judgment be reversed and the cause remanded, with directions to dismiss the action of plaintiff.

REVERSED.