AVIS ANN FRENCHY, APPELLANT, v. CITY OF SCOTTSBLUFF, APPELLEE.

138 N. W. 2d 30

Filed November 19, 1965. No. 35976.

Wright, Simmons & Hancock, for appellant.

Holtorf, Hansen, Fitzke & Kortum and Loren G. Olsson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SMITH, J.

Plaintiff stumbled over loose gravel on a paved crosswalk of defendant city. In falling she suffered personal injuries, which are the basis of this negligence action. On defendant's motion for summary judgment her petition was dismissed. We affirm the judgment because in a trial on the merits she would be unable to raise a factual issue of negligence.

The accident occurred at about 1:45 p.m. on November 27, 1959, in the east crosswalk of the intersection of Fourteenth Street and First Avenue. The pavement was dry, the weather a noncontributing factor. In the south and east crosswalks there was a scatter of gravel, which looked as if it had fallen from a truck. The rocks were approximately 2 inches in one or more dimensions. While walking north from the curb at the southeast corner of the intersection, plaintiff slid because of rocks turning underfoot, and she fell.

Plaintiff has not suggested that in a jury trial she would be able to offer anything better than the undisputed evidence which we have summarized, and defendant has proved her prospective inability beyond a reasonable doubt. A party who moves for summary judgment shows the nonexistence of a genuine issue of material fact by proof beyond a reasonable doubt that his opponent in a trial on the merits would be unable to raise an issue for the fact finder. See, Storz Brewing Co. v. Kuester, 178 Neb. 135, 132 N. W. 2d 341; Miller v. Aitken, 160 Neb. 97, 69 N. W. 2d 290.

There is nothing here for a jury. The alleged negligence is the failure of the city to remove the gravel. A

city is required to exercise ordinary care to keep its crosswalks in a reasonably safe condition for pedestrians. See, Anthony v. City of Lincoln, 152 Neb. 320, 41 N. W. 2d 147; Hupfer v. City of North Platte, 134 Neb. 585, 279 N. W. 168. The gravel was an obstruction too trivial to have constituted an unreasonable risk of harm to plaintiff when the utility of defendant's inaction is considered.

The judgment is correct and it is affirmed.

AFFIRMED.