GERTRUDE HILKER, APPELLANT, v. N. P. DODGE BUILDING COMPANY, A CORPORATION, ET AL., APPELLEES.

168 N. W. 2d 701

Filed June 13, 1969. No. 37113.

Martin A. Cannon, Robert Burkhard, and Matthews, Kelley, Cannon & Carpenter, for appellant.

Eugene P. Welch, Joseph R. Moore, Gaines, Spittler,

Neely, Otis & Moore, and Gross, Welch, Vinardi, Kauffman, Schatz & Day, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

Plaintiff seeks to recover for personal injuries received in a fall alleged to have been occasioned by a defective sidewalk on the property of defendants. At the close of plaintiff's evidence, the court sustained motions of defendants for directed verdicts or, in the alternative, for a dismissal of plaintiff's petition. The sole issue presented is the propriety of this action by the trial court. We affirm the judgment of the district court.

The defendant N. P. Dodge Building Company constructed a 3-story building which was set back several feet from the street to the east. A 7-foot wide sidewalk was constructed adjacent to the building and beyond the sidewalk, the area running out to the street, was paved for automobile parking purposes. When cars were parked in this area, pedestrians on the city sidewalks were obliged, in passing the building, to walk either in the street or on the walk so constructed on defendant's property. The walk was commonly used by the public. The basement and first floor of the building were leased to the defendant Cris' Rexall Drug Co. The remainder of the building was leased to other tenants and the walk mentioned was for the common use of all tenants. The lease provided that the drug company should keep the leased premises in good repair "excepting only the exterior of said premises."

In the early afternoon of July 22, 1965, plaintiff, with other members of her family, drove into a parking lot owned by the defendant N. P. Dodge Building Company across an alley or driveway from the drugstore, parked, paid the parking fee, walked across the alley, entered onto the sidewalk adjacent to the drugstore, and walked on by the drugstore enroute to a theater. They returned

by the same route about 5 p.m. The day was bright and the sun shining. At this time plaintiff stepped into an area of the walk measuring approximately 14-inches wide, 41-inches long, and 1-inch deep, which was described as "dish shaped" with shallow sides and deeper in the center. In this area the concrete surface had deteriorated and there was some loose sand or gravel. Plaintiff said that her foot slipped. She fell and was injured. The defective area was adjacent to the parking area and was readily observable from a distance of at least 50 feet.

As to the lessee drug company, which was not chargeable with the maintenance of the sidewalk, it clearly appears that no ground of liability is present.

The primary question is the correctness of the trial court's ruling as it pertains to the lessor or owner of the premises. Some space in the briefs has been devoted to the contention that plaintiff was a "public invitee" as distinguished from a "licensee." We see no need to determine that question. In neither event has a basis for liability been established. Restatement 2d, Torts, § 343, p. 215, provides: "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) * * * *should realize* that it involves *an unreasonable risk* of harm to such invitees, and (b) *should expect* that they will *not discover or realize* the danger, or *will fail to protect themselves* against it, * * *." (Emphasis supplied.) See, also, McCullough v. Omaha Coliseum Corp., 144 Neb. 92, 12 N. W. 2d 639; Darrach v. Trustees of S. F. Medical Assn., 121 Cal. App. 2d 362, 263 P. 2d 469; Morrison v. Suburban Trust Co., 213 Md. 64, 130 A. 2d 915; Goodman v. Theatre Parking, Inc., 286 Mich. 80, 281 N. W. 545.

In each case, the question of liability must be determined upon the basis of the circumstances attendant upon the accident. Here the sidewalk defect was of a minor nature. Certainly defendant had no reason to realize or conclude that it constituted an unreasonable

risk of harm to passers-by. See Hupfer v. City of North, Platte, 134 Neb. 585, 279 N. W. 168. This is not a case involving a latent or concealed danger. The sidewalk defect was open and obvious and could be seen from a considerable distance. The accident occurred in broad daylight. Plaintiff had already passed by that way a short time before. Should defendant have expected that plaintiff would not discover or realize any danger inherent in the condition of the sidewalk or would fail to protect herself against it? We do not believe so.

A person lawfully on the premises of another assumes the dangers which are open and obvious and which can be seen readily and avoided by the exercise of ordinary care. See, Thompson v. Young Men's Christian Assn., 122 Neb. 843, 241 N. W. 565; Restatement 2d, Torts, § 343A, p. 218.

We affirm the judgment of the district court.

AFFIRMED.