HILDA LUZ VÁZQUEZ, Plaintiff and Appellee, *v.* PUERTO RICO WATER RESOURCES AUTHORITY, Defendant and Appellant.

No. R-69-171.      Decided January 13, 1971.

---

*José Antonio Arabía* and *Ángel Luis Mayol* for appellant. The appellee did not appear.

PER CURIAM: The judgment which ordered the Puerto Rico Water Resources Authority to pay the amount of $1,300 plus the costs, and $200 for attorney's fees to appellee, for the injuries and moral damages sustained by the latter as a result of having stumbled against a guy cable belonging to appellant which was stretched out over the sidewalk on a street in the town of Aguada along which appellee was walking, should be reversed.

Appellant assigns that the trial court erred in concluding that (1) the injury which gave rise to appellee's claim was sustained by the latter upon stumbling against the guy cable; (2) the accident was due to appellant's negligence for having installed the guy cable in the middle of the sidewalk thus interrupting the pedestrian's use thereof; (3) the valuation of appellant's liability was the sum of $1,300, which is exaggerated and unreasonable; (4) by imposing upon appellant the payment of attorney's fees. Finally, it sets forth that the

trial court should have concluded that the accident was due to appellee's negligence or that the latter contributed to the occurrence of the same.

1.—The only witness of the accident was appellee herself. She testified that the accident took place on December 20, 1966, at about 11:00 a.m. when she hit her right shinbone against a guy cable placed in the middle of the sidewalk of the town of Aguada along which she was walking. The doctor who examined the hematoma on appellee's leg on the following day, at the Hospital Bella Vista in Mayagüez, testified that "we submitted her to a daily intramuscular treatment of antibiotics and a chloride treatment, the other was a treatment of water with an antiseptic soap, and an ointment of antibiotics . . . on the right leg she had a suppurating wound of about four or five centimeters"; that the injury was "Recent, of about one week or less, five or six days"; that "usually it starts to discharge pus after at least 48 hours"; that it had more than 24 hours to become infected. In redirect examination she was asked whether an infection of the nature as the one of the instant case could be developed in 24 hours. She answered "Yes, for that wound had then, 24 hours"; that it could not be determined with precision; that she could not say exactly how much time it takes for an infection to develop. To questions by appellant's counsel, thereafter and finally, she testified that "As far as I am concerned that wound had some time, some days, according to the history I received when she entered the hospital; six days before she had received a blow."

The court did not face a conflict of evidence. It was rather absence of evidence on plaintiff's part for, contrary to appellee's testimony, who was the interested party in regard to the accident she had and the injury it caused her, her medical expert testified that the injury had been received about six days before. In our opinion, the trial court weighed the evidence arbitrarily, in concluding that the injury in ques-

tion was caused by the alleged accident, incurring therefore in an error of law. *Fuertes* v. *Planning Board,* 76 P.R.R. 603, 606 (1954); *Acosta* v. *Planning Board,* 71 P.R.R. 540, 543 (1950).

2.—The conclusion of the trial court to the effect that the accident was due to appellant's fault or negligence for having placed the guy cable in the middle of the sidewalk, thus interrupting the pedestrian's use thereof, is not supported by the evidence.

■■ We take judicial notice of the fact that such objects as poles, traffic signals, cables, guys, mailboxes, trees, etc. are installed on the sidewalks and streets of Puerto Rico. All of them by their own appearance are within the range of sight of the persons who walk along the sidewalks, exercising a normal and reasonable degree of care. The photographs presented in evidence by appellee herself show that although the end of the guy cable in question seems to be in the middle of the sidewalk, the same did not interrupt the use of the sidewalk by pedestrians. There was no need of warning pedestrians of any possible danger due to the aforementioned guy cable, which, according to the aforesaid photographs, is at pedestrian's eye level. Besides, the evidence shows that appellee failed to exercise a normal and reasonable degree of care while walking along the sidewalk. She accepted that "I did not see it [the guy cable] because while I was looking towards the cabinetmaker's shop, I was looking towards that side." The circumstances of this case are completely different from those of *Ramos* v. *Carlo,* 85 P.R.R. 337 (1962); *Deynes* v. *Texaco (P.R.), Inc.,* 92 P.R.R. 215 (1965). The evidence of appellee herself justifies the conclusion that the latter failed to exercise a normal and reasonable degree of care within the attendant circumstances. *Acevedo* v. *Commonwealth,* 91 P.R.R. 773 (1965); *Hilker* v. *NP Dodge Building Company,* 168 N.W.2d 701 (Neb. 1969); *Frenchy* v. *City of Scottsbluff,* 138 N.W.2d 30 (Neb. 1965); *Hupfer* v. *City of North Platte,*

279 N.W. 168 (Neb. 1938) ; *Grail* v. *Risden,* 167 So.2d 610 (Fla. App. 1964) ; *Youngblood* v. *Newspaper Production Co.,* 158 So.2d 432 (La. App. 1963) ; *Young* v. *Price,* 388 P.2d 203 (Hawaii 1963).

Therefore, the judgment rendered in this case by the Superior Court, Aguadilla Part, should be reversed, and the complaint dismissed.

Mr. Chief Justice Negrón Fernández as well as Mr. Justice Santana Becerra did not participate herein. Mr. Justice Hernández Matos dissented.