GERTRUDE I. DOHT, APPELLEE, V.
VILLAGE OF WALTHILL, THURSTON COUNTY, NEBRASKA,
A MUNICIPAL CORPORATION, APPELLANT.

299 N.W.2d 177

Filed December 1, 1980.   No. 43092.

Lawrence H. Yost of Yost, Schafersman, Yost, Lamme & Hillis for appellant.

Margolin, Ryan, Gildemeister & Willia and Smith, Smith & Boyd for appellee.

Heard before BOSLAUGH and WHITE, JJ., and COLWELL, RIST, and HOWARD, District Judges.

RIST, District Judge.

Gertrude I. Doht brought this action against the Village of Walthill, Nebraska, under the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §§ 23-2401 to

2420 (Reissue 1977, Cum. Supp. 1980), for injuries sustained when she fell upon a public sidewalk of said Village. Following trial to the court, plaintiff recovered judgment against defendant in the amount of $30,000 and costs of the action.

The defendant Village has appealed to this court assigning as error the failure of the trial court to sustain defendant's motion for summary judgment, and after trial, the finding of actionable negligence by defendant, and failing to find plaintiff guilty of contributory negligence sufficient to bar recovery. We consider this appeal as one from the trial of the cause.

The evidence of the accident is not substantially disputed. On April 2, 1977, at approximately 4:30 p.m., the plaintiff, her daughter, and her granddaughter were proceeding east on a public sidewalk on the south side of Main Street in the defendant Village. The day was sunny and dry. Plaintiff and her family had just crossed an intersecting street and proceeded a short distance on the sidewalk to a point where it began to abut a store building, when plaintiff stepped on a raised portion of the sidewalk with her heel, slipped off the raise, continued sliding on some gravel or debris, and fell backward, fracturing her left leg. At the time plaintiff fell, she was walking approximately 12 inches to 18 inches from the store building. The raise in the sidewalk slab at that point was 1 1/2 to 1 3/4 inches, as shown by the measurements in the photographs in evidence.

Plaintiff testified that her vision was good; that as she approached the point of the accident, she noticed the sidewalk ahead had gravel and debris on it and that the sidewalk appeared to have several cracks and appeared broken up; that at the time of the accident, she was looking down the sidewalk at some point ahead of her and not at where she was stepping. The photographs of the sidewalk offered by plaintiff and received in evidence show a sidewalk with a number of slight irregularities for some distance ahead of plain-

tiff in the direction she was traveling, including the area where she fell.

There is no evidence that the defendant Village had received any complaint or notice with respect to the condition of the sidewalk where the accident occurred.

The threshold question is whether, under the evidence, defendant Village breached any duty it had with respect to its sidewalks. The Village is not an insurer of the safety of those using its public ways, but has the duty to use reasonable diligence to keep sidewalks in reasonably safe condition for the use of persons passing over them. *Hupfer v. City of North Platte*, 134 Neb. 585, 279 N.W. 168 (1938); *Gaver v. City of Columbus*, 141 Neb. 832, 4 N.W.2d 924 (1942); *Frenchy v. City of Scottsbluff*, 179 Neb. 324, 138 N.W.2d 30 (1965). It has also been the consistent position of this court that slight holes or depressions in public ways, including sidewalks, which are not in the nature of traps and from which danger could not reasonably be anticipated, are not defects for which an action will lie. *Hupfer v. City of North Platte, supra; Christensen v. City of Tekamah*, 201 Neb. 344, 268 N.W.2d 93 (1978). The test ordinarily is whether the inequalities are of such magnitude or extent as to be likely to cause injury to travelers who are proceeding with due care. *Christensen v. City of Tekamah, supra.*

Given the facts of this case, we find the sidewalk defect here involved is such a minor irregularity that negligence may not be predicated thereon. To do so would render the Village an insurer of the safety of pedestrians, which is not its duty or obligation.

Plaintiff argues that the irregularity is in the nature of a trap because it drops away from the direction plaintiff was traveling and is not readily apparent. We disagree. The dropoff was visible to anyone traveling in the direction of plaintiff when in near proximity to it and readily apparent to anyone using due care.

We further find that plaintiff did not exercise due

care as she proceeded down the sidewalk. Given her admitted knowledge of the unevenness of the sidewalk ahead of her and the gravel and debris thereon, she failed to look where she was stepping and only looked to some point a distance ahead. This does not meet the standard of care required in the circumstances.

While the findings of a trial court on such an issue under the Political Subdivisions Tort Claims Act will not be disturbed unless clearly wrong, we find the trial court so erred in this case.

We, therefore, reverse the trial court's judgment for plaintiff and remand with instructions to dismiss the action.

REVERSED AND REMANDED WITH
INSTRUCTIONS TO DISMISS.